THE PEOPLE OF THE STATE OF NEW YORK ex rel. UNITED VERDE COPPER COMPANY, Appellant, *v.* FRANCIS M. HUGO, Secretary of State of the State of New York, Respondent.

Third Department, December 28, 1917.

Corporations — application by foreign corporation to do business within this State — refusal of said corporation to change its name so as to distinguish it as a corporation — when corporation not reorganized successor of another so as to be entitled to use its name.

Where the name of a foreign corporation does not " clearly indicate " that it is a corporation and it is unwilling to use " in this State such an affix or prefix " as will indicate the necessary distinction, the Secretary of State may deny its application under section 15 of the General Corporation Law for a certificate authorizing it to do business within this State.

Said corporation is not the reorganized successor of another foreign corporation of the same name, so as to entitle it to the benefit of the provisions of section 6 of the General Corporation Law, where it has in no sense succeeded to the franchises of the other corporation and has not supplanted or taken the place of the old corporation.

APPEAL by the relator, United Verde Copper Company, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 18th day of June, 1917, denying its motion for a peremptory writ of mandamus.

Prior to the year 1900 there was incorporated in the State of West Virginia a corporation under the name of United Verde Copper Company. This corporation was authorized and is still authorized to do business in this State. The

relator has been incorporated under the laws of the State of Delaware, having the same name as the West Virginia corporation, and has applied under section 15 of the General Corporation Law (Consol. Laws, chap. 23 [Laws of 1909, chap. 28], as amd. by Laws of 1917, chap. 594) to the Secretary of State for a certificate authorizing it to do business within this State. This certificate the Secretary of State declines to issue, and the purpose of this proceeding is to require him to deliver such certificate.

*Atwater & Cruikshank* [*Edward L. Blackman* of counsel], for the appellant.

*Merton E. Lewis,* Attorney-General [*Wilber W. Chambers,* Deputy Attorney-General, and *Frank S. Sharp* of counsel], for the respondent.

COCHRANE, J.:

Section 6 of the General Corporation Law (as amd. by Laws of 1917, chap. 594) provides that no corporation except a religious, charitable or benevolent corporation shall " be authorized to do business in this State unless its name has such word or words, abbreviation, affix or prefix, therein or thereto, as will clearly indicate that it is a corporation as distinguished from a natural person, firm or copartnership; or unless such corporation uses with its corporate name, in this State, such an affix or prefix." The name of the relator does not " clearly indicate " that it is a corpration and it is unwilling to use " in this State, such an affix or prefix " as will indicate the necessary distinction. The Secretary of State, therefore, was right in withholding his certificate under section 15 (as amd. *supra*).

The relator contends that it is the reorganized successor of the West Virginia corporation and is, therefore, entitled to the benefit of a subsequent provision in section 6 which reads as follows: " A corporation formed by the reincorporation, reorganization or consolidation of other corporations or upon the sale of the property or franchises of a corporation, or a corporation acquiring or becoming possessed of all the estate, property, rights, privileges and franchises of any other corporation or corporations by merger, may have the same name

as the corporation or one of the corporations to whose franchises it has succeeded." Obviously this provision of the statute does not help the relator. It merely provides that a corporation under some circumstances " may have the same name as the corporation or one of the corporations to whose franchises it has succeeded." The words " may have the same name " in the connection in which they are used imply the power to give a name, an idea which is quite inapplicable to a corporation formed in another jurisdiction and in respect to which the Legislature of this State is powerless to indicate whether it should " have the same name " or a different name. This Delaware corporation has been given its name by the State of Delaware. This State has nothing to do with its name. It neither gives nor denies to the relator its name. In the previous part of the section on which the Secretary of State relies a clear distinction is made between the name which a corporation *has* and the name which it may *use*. If it does not have in its name words indicating its corporate capacity it may *use* such words with its corporate name and thereby become entitled to do business in this State. The State of New York merely says that this Delaware corporation may use within this State the name which has already been given to it by its own State, but it must also use in connection with that name something to indicate that it is a corporation.

Furthermore the meaning of that statute is that the newly-formed corporation shall supplant or take the place of the old corporation. When one comes into existence the other goes out of existence. The words " to whose franchises it has succeeded " clearly imply that both cannot co-exist. It is true that the Delaware corporation has the same officers and directors as the West Virginia corporation. The stockholders of the latter voted to reorganize in Delaware and the Delaware corporation has taken over the property of the West Virginia corporation but it has given the latter an equivalent for its property. All the stock of the Delaware corporation is held by the West Virginia corporation. An officer of the latter states in his affidavit as follows: " The stockholders of the said United Verde Copper Company of West Virginia have voted for the dissolution of that company, but such

dissolution has not yet been carried out, and it is desired to have the new Delaware Company engage in business and continue its operation without awaiting the dissolution of this company." There is no assurance that such dissolution ever will be effected. The situation is that there are two corporations having the same name, one owing allegiance to the State of West Virginia, and the other to the State of Delaware. One corporation derives its franchise from one State and the other corporation derives its franchise from another State. Both franchises are still in existence and both may continue to exist indefinitely. The franchise of neither corporation is controlled by the jurisdiction which granted the franchise to the other. The Delaware corporation has in no sense succeeded to the franchises of the West Virginia corporation and is not, therefore, within the purview of the statute which it invokes.

The order should be affirmed, with costs.

All concurred; KELLOGG, P. J., in result, in memorandum.

KELLOGG, P. J. (concurring in result):

The provision that the corporate name itself, or a prefix or suffix to it, shall indicate the existence of a corporation, was first brought into the law by the amendment of 1911. Before that time section 6 provided: (1) That no corporation should be formed, or authorized to do business in the State, which had the same name as another corporation; (2) that a corporation formed by reincorporation or merger may bear the same name as the corporation to which it succeeded. This last provision was in fact an exception to the first. The amendment with reference to requiring the name to indicate the corporate character was evidently inserted by mistake, by chapter 638 of the Laws of 1911, between these two provisions, that is, between the provision and the exception, when in fact it should have been inserted after the second provision.

The statute, properly construed, requires, I think, that a corporation formed or permitted to do business shall not have the name of another corporation unless the latter corporation is a merger, or in some way is the successor of

the former, and, as an independent proposition, that the corporate name must indicate, in itself or otherwise, the corporate character. Therefore, without regard to whether the new corporation is a merger or reorganization or otherwise, it cannot be permitted to do business in this State without complying with the added provision of the section. Its name, or a prefix or suffix, must indicate the corporate character.

Order unanimously affirmed, with costs.