In the Matter of the Application of the SIZER LUMBER CORPORATION, Petitioner, for a Peremptory Mandamus Order against FLORENCE E. S. KNAPP, Secretary of the State of New York, Respondent.

Supreme Court, Albany Special Term, February 28, 1925.

Corporations — merger — certificate of merger under Stock Corporation Law of 1923, § 85, may be filed although name of merged corporation assumed does not contain words indicating its corporate character as required by General Corporation Law, § 6, as amended by Laws of 1911, chap. 638 — Stock Corporation Law of 1923, § 85, subd. 3, does not prevent assumption of name which does not indicate corporate character.

Upon the merger of corporations pursuant to section 85 of the Stock Corporation Law of 1923, the Secretary of State will be required to file the certificate of merger although the name of the merged corporation, which the petitioner proposes to assume, does not contain words indicating its corporate character, as required by section 6 of the General Corporation Law, as amended by Laws of 1911, chapter 638.

Subdivision 3 of section 85 of the Stock Corporation Law of 1923 providing that " upon the filing of such a certificate *the change of name shall be complete* with the same force and effect and subject to the same conditions and consequences as if such change had been accomplished by proceedings under the General Corporation Law," does not prevent the assumption of a corporate name by merger, although the name so assumed does not indicate its corporate character. The conditions and consequences imposed by said condition relate to the effect of a change of name and not to the method of its change.

APPLICATION for a peremptory mandamus order against the Secretary of State.

*Palmer & Serles,* for the petitioner.

*Albert Ottinger, Attorney-General [Wendel P. Brown, Deputy Attorney-General,* of counsel], for the respondent.

STALEY, J.:

The petitioner is the Sizer Lumber Corporation which has presented to the Secretary of State for filing a certificate of merger, whereby it seeks to merge Robert R. Sizer & Company, another domestic corporation, and to assume the name of the latter cor-

poration. The Secretary of State declined to file the certificate, on the ground that the name which the petitioner proposed to assume did not contain words indicating that it was a corporation. Section 85 of the Stock Corporation Law of 1923 permits the merger of corporations where such corporations are engaged in similar activities and one owns all the capital stock of the other, and the possessor corporation is allowed to relinquish its corporate name and assume in place thereof the name of the merged corporation.

It is further provided in section 6 of the General Corporation Law, which relates generally to corporate names, that a corporation formed by merger may have the same name as the corporation to whose franchises it has succeeded.

It is argued that the provision contained in said section 6, permitting the use of the name of one of the corporations merged, was in the law prior to the amendment by chapter 638 of the Laws of 1911 in relation to the prohibition against corporations using names which did not indicate their corporate character, and, therefore, related only to the old provision of section 6, which prohibited a corporation from assuming the name of another corporation which so nearly resembles it as to be calculated to deceive. As supporting this proposition, *People ex rel. United Verde Copper Co.* v. *Hugo* (181 App. Div. 149, 152) is cited. In a concurring opinion one of the justices indicated that the amendment requiring corporate names to indicate corporate character was evidently inserted by mistake before the provision permitting merged corporations to assume the name of one of them.

The court did not place its decision in the case cited upon the ground stated in the concurring opinion, and as the court as a whole did not adopt the concurring opinion, it is impossible to tell whether they agreed or disagreed with it, and, therefore, the matter is an open one.

It also appears that section 6 has been twice amended by the Legislature subsequent to this decision, and no change has been made in the arrangement of its provisions. (Laws of 1923, chap. 732; Laws of 1924, chap. 272.)

In view of the fact that section 6 of the General Corporation Law is not ambiguous and its terms are clear, I cannot impute to the Legislature a mistake in the manner of amending the section, but must accept it as I find it. The fact that the Legislature inserted the amendment where it did indicates the intention that the possessor corporation shall have the right absolutely to assume the corporate name of the merged corporation. There is nothing wrong in such a provision and nothing which is inconsistent with the policy of the law relating to corporate names, for if the law

permits corporations formed prior to 1911 to continue to do business under a corporate title which does not indicate that the body is a corporation, there is no reason why that name should not still be continued even if that corporation is merged with another.

The parties do not argue that where a possessor corporation merges another corporation, keeping its own name, there must be a compliance with the statute in relation to corporate names indicating corporate character; nor does it seem that any of the provisions of the corporation laws which have been cited indicate that there must be any such change in the case of such a merger.

Subdivision 3 of section 85 of the Stock Corporation Law of 1923, after providing for the relinquishment and assumption of corporate names in case of merger and the procedure to effect same by resolution of merger set forth in certificate of ownership, provides that: " Upon the filing of such certificate *the change of name shall be complete* with the same force and effect and subject to the same conditions and consequences as if such change had been accomplished by proceedings under the general corporation law."

It is urged by the Attorney-General that the quoted portion of the above subdivision prevents the assumption of a corporate name by merger where such name does not indicate its corporate character, for the reason that a change of name under the General Corporation Law would not be had without such indication. This provision does not justify such an interpretation. The conditions and consequences imposed relate to the effect of a change of name and not to the method of its change; they are conditions and consequences imposed after the merger and change of name has been accomplished, and attach only after the name assumed has been declared to be complete.

Section 60 of the General Corporation Law, which deals with the procedure to change a corporate name, is silent on the subject of the name adopted indicating corporate character, and the only provision of law which I can find requiring it is section 6 of the General Corporation Law, and the privilege of a corporation which becomes possessed of the property of another corporation to take the name of such corporation is clearly an exception to the requirement that such name shall have words indicating its corporate character.

The application for a peremptory order of mandamus is granted, with costs.