In the Matter of THE BARBER COMPANY, INC., Respondent, against DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Appellants.

BARBER & CO., INC., Intervener, Appellant.

Argued November 16, 1937; decided January 18, 1938.

*John J. Bennett, Jr., Attorney-General (Joseph M. Mesnig, Henry Epstein* and *F. R. Chant* of counsel), for appellants. The purely ministerial action of the Secretary of State was neither erroneous, arbitrary or capricious, and should not be disturbed. (*Matter of Clark* v. *Smith,* 250 App. Div. 233; *Matter of Durr* v. *Paragon Trading Corp.,* 270 N. Y. 464.)

*Elkan Turk, Milton J. Levitt, Benjamin Wiener* and *Herman Goldman* for intervener, appellant. If the Court of Appeals finds that there was competent proof to sustain the finding of the Secretary of State a reversal is required. (*Fellows* v. *Northrup*, 39 N. Y. 117; *Putnam* v. *Hubbell*, 42 N. Y. 106; *Cassidy* v. *McFarland*, 139 N. Y. 201; *Sheldon* v. *Sheldon*, 51 N. Y. 354; *Saltzsieder* v. *Saltzsieder*, 219 N. Y. 523.) The Secretary of State was required to consider only the similarity between the names of petitioner and intervener. His finding was supported by competent proof, and he applied the correct rule of law to the evidence before him. (*Corning Glass Works* v. *Corning Cut Glass Co.*, 197 N. Y. 173; *Matter of Brooks Clothing Co.* v. *Flynn*, 232 App. Div. 346; *Grand Rapids Furniture Co.* v. *Grand Rapids Furniture Shops*, 221 Mich. 548; *State ex rel. Collins* v. *Howell*, 80 Wash. 649; *Diamond Drill Contracting Co.* v. *International Diamond Drill Contracting Co.*, 106 Wash. 72; *Rixford* v. *Jordan*, 214 Cal. 547; *B. P. O. Elks* v. *Improved B. P. O. Elks*, 205 N. Y. 459; *Matter of General Von Steuben Bund, Inc.*, 159 Misc. Rep. 231; *American Steel Foundries* v. *Robertson*, 269 U. S. 372.) Even if section 9 of the General Corporation Law (Cons. Laws, ch. 23) were to be construed with reference to the law of unfair competition, the determination of the Secretary of State was supported by competent proof. (*Tiffany & Co.* v. *Tiffany Productions, Inc.*, 147 Misc. Rep. 679; 237 App. Div. 801; 262 N. Y. 482; *Standard Oil Co. of New Mexico* v. *Standard Oil Co. of California*, 56 Fed. Rep. [2d] 973.)

*P. C. Dugan* and *Ralph D. Ray* for respondent. Petitioner is entitled to use its name, The Barber Company, Inc., in the asphalt business in New York. No such deception as is contemplated by the statute can result since Barber & Co., Inc., is engaged only in the shipping business. (*Corning Glass Works* v. *Corning Cut Glass Co.*, 197 N. Y. 173; *Wheeler Syndicate, Inc.*, v. *Wheeler*, 99 Misc. Rep. 289; *Commercial Union Ins. Co.* v. *Smith*,

2 N. Y. Supp. 296; 61 Hun, 625; *Eastern Constr. Co.* v. *Eastern Engineering Corp.*, 246 N. Y. 459; *Hygeia Water Ice Co.* v. *New York Hygeia Ice Co.*, 140 N. Y. 94; *People ex rel. U. S. Grand Lodge* v. *Payn*, 161 N. Y. 229; *Material Men's Mercantile Assn., Ltd.,* v. *New York Material Men's Mercantile Assn., Inc.*, 169 App. Div. 843; 224 N. Y. 670; *National Grocery Co.* v. *National Stores Corp.*, 95 N. J. Eq. 588; 97 N. J. Eq. 360; *Farmers Loan & Trust Co.* v. *Farmers Loan & Trust Co. of Kansas*, 1 N. Y. Supp. 44; *Beech-Nut Packing Co.* v. *Lorillard Co.*, 273 U. S. 629.)  When the determination was made there was ample additional evidence before the Secretary of State of the real nature of the respective fields of both companies.  The Secretary of State acted on the basis of that evidence and has certified it as the record on which he based his determination.  Having acted on such evidence, he is bound by it.  (*People ex rel. Woodward* v. *Draper*, 142 App. Div. 102; 202 N. Y. 612.)

LOUGHRAN, J.  This controversy is one as to the construction of the following provision of section 9 of the General Corporation Law (Cons. Laws, ch. 23): " No certificate of incorporation of a proposed domestic corporation, and no statement and designation of a foreign corporation,  having the same name as a corporation authorized to do business under the laws of this state or a name so nearly resembling it as to be calculated to deceive, shall be filed or recorded in any office for the purpose of effecting its incorporation, or of authorizing it to do business in this state."

The Barber Company, Inc., is a stock corporation existing under the laws of the State of New Jersey.  On December 22, 1936, it duly made application for a certificate of authority to do business in this State.  This application was denied by the Department of State " on the ground that the name so closely resembles that of Barber & Co., Inc., the certificate of incorporation of which was filed on the 25th day of September 1936 as to be calculated to deceive."

This is in form a certiorari proceeding brought by The Barber Company, Inc. (the New Jersey corporation) to review that ruling. Barber & Co., Inc. (the registered domestic corporation), has been permitted to intervene. The Appellate Division could discover in the record no competent proof to sustain the finding on which the Department of State based its action. In that view it followed that The Barber Company, Inc., was entitled as matter of law to the certificate of authority for which it applied and an order was made accordingly. The Department of State and Barber & Co., Inc., appeal from that order.

The main question concerns the extent of the executive jurisdiction conferred by the foregoing provision of section 9 of the statute. Appellants contend that this is an unqualified prohibition which limited the Secretary of State to comparison of the proposed corporate name with that already registered. His duty was done, they say, when by the tests of sight and hearing it had been ascertained that the rival symbols so far approximated each other that unsuspecting persons using ordinary caution and discrimination were likely to be misled.

On the other side, the respondent maintains that so strict a construction is gainsaid by the fair implications, if not by the letter of the statutory command; that what is banned thereby is the practice of deception by the simulation of a registered corporate name; and that the investigation here to be made to that end by the Secretary of State was essentially no different from the inquiry to be undertaken by the court in a case of claimed unlawful misuse by one corporation of the name of another.

Doubtless the spirit of section 9 does match in some degree the purpose and policy of the principle on which judges proceed in dealing with unfair competition (*Corning Glass Works* v. *Corning Cut Glass Co.*, 197 N. Y. 173, 178). But from this coincidence it does not ensue that the power to be exercised by the Secretary of State is equiva-

lent to the plenary equity jurisdiction of the court in comparable situations. We think the scope of the departmental function here invoked is fixed by the statute and that the range of its operation is neither so precise as the appellants contend nor yet so comprehensive as is maintained by the respondent.

The authorization of foreign corporations to do business within this State is regulated in general by section 210 of the statute. It is thereby provided:

" A foreign corporation, other than a moneyed corporation, shall not do business in this state without having first obtained from the secretary of state a certificate of authority. To obtain such certificate, the corporation shall comply with the following conditions:

" 1. It shall present to the secretary of state a statement and designation in its corporate name, signed and acknowledged by its president, or a vice-president, or its secretary, treasurer, managing director or attorney in fact, which shall set forth the state or country of its incorporation, the place where its office within this state is to be located, and if such place be in a city, the location thereof by street and number or other particular description; the business which it proposes to do within this state, and a designation of the secretary of state as its agent upon whom all process in any action or proceedings against it may be served within this state.

" 2. Annexed to such statement and designation shall be a copy of its certificate of incorporation, duly certified by the public officer having custody of the original, or, if the corporation is created by a special law and has no certificate of incorporation, a duly certified copy of such law, and, if any such copy is in a foreign language, an English translation thereof verified by oath of the translator."

Restrictions on the filing of such a statement and designation are defined by section 211. These have no relevancy to this controversy.

The issuance of a certificate of authority to a foreign corporation is regulated by section 212. It is thereby provided:

" 1. The secretary of state, subject to the provisions of sections nine and two hundred and eleven, and upon payment of the fees required by law, shall file the documents prescribed in section two hundred and ten and shall issue to the corporation a certificate of authority, stating the date of the filing of such documents and that the corporation is authorized to do, in this state, the business set forth in the statement and designation, a copy of which shall be annexed thereto.

" 2. Upon the issuance of such certificate the corporation may do, in this state, any of the business referred to in the certificate of authority and no other."

These provisions of sections 210 and 212 circumscribed the official action that was here to be taken under section 9. The Secretary of State was not bound to go beyond the showing made by the documents on file in his office or presented to him in accordance with the statute. The facts before him were the respective names of the two corporations; the character and extent of their respective corporate powers; the location of the place of business of the registered domestic corporation; and the place within this State where the office of the foreign corporation was to be located and the nature of the business proposed to be done there. In the majority opinion of the Appellate Division reference is made to voluminous historical data as to both corporations, doubt is expressed respecting the good faith of one, and certain collateral equities are said to be with the other. We think those matters were outside the field of the inquest which the Secretary of State was required by the statute to hold.

There remains for consideration whether the ruling of the Department of State was without warrant in the competent evidence.

Respondent's name is " The Barber Company, Inc.;" that of the appellant corporation is " Barber & Co., Inc." The respective certificates of incorporation show that the main business of the former is the production of asphalt and petroleum for paving and kindred uses, and that the latter is chiefly engaged in the construction, repair and operation of steamships and other water craft. The former proposed to establish its local office at 30 Rockefeller Plaza, Manhattan, city of New York. The place of business of the latter is located at 17 Battery Place in the same borough.

These facts, we think, were at least sufficient to authorize the departmental decision that in the circumstances the corporate name of the respondent so nearly resembled that of the registered appellant corporation " as to be calculated to deceive." While the two corporate names are not the self-same thing, both make pretty much the same appeal to eye and ear and neither suggests any specific commercial activity. Both corporations are to do business in the same locality. Though competition between them may presently be unlikely, neither the financial advantage of either nor the convenience of its customers was necessarily a conclusive factor. The duty of the Department of State was a duty to the public in the first instance. The effect of its action upon the rights of those who would seek executive or judicial relief against either corporation was to be considered as was also the effect thereof on the functions of these branches of the government.

The order of the Appellate Division should be reversed and the order of certiorari dismissed, with costs in all courts.

LEHMAN, J. (dissenting). The Secretary of State must decide whether the name of a proposed domestic corporation or of a foreign corporation seeking authority to do business here is " the same name as a corporation authorized to do business under the laws of this state or a name

so nearly resembling it *as to be calculated to deceive.*" In this case there is close resemblance, but not identity of name, between The Barber Company, Inc., a corporation organized under the laws of the State of New Jersey and which seeks authority to do business in this State, and Barber & Co., Inc., a corporation organized under the laws of this State a short time before The Barber Company, Inc., filed its application.

Mere similarity of name is insufficient to require or permit the Secretary of State to refuse an application to file a certificate. The resemblance must be so close as to be " calculated to deceive." Those words are not synonymous with " tending to confuse." The statutory test is whether members of the public by the resemblance of name might be induced to deal with a corporation believing that they were dealing with another corporation. That test can be applied only where there is proof of the nature of the business which the two corporations are authorized to carry on and which they do carry. on. Whether similarity of names has tendency to deceive must depend to a great extent upon the fields in which the names are used.

When the Legislature conferred upon the Secretary of State the authority and the duty to determine the question, it placed no limitation upon the nature of the evidence which he might consider. I see no good reason why the courts should limit him to documents on file in his office and documents presented to him for filing in accordance with the statute. I see strong reasons why he should be permitted to consider any evidence which may be submitted to him and which may be relevant upon the question he must determine. Denial to a corporation of the right to do business in this State under the corporate name it has selected may work grave injury to the corporation. A valuable good will may be connected with that name which will be lost if it is compelled to carry on business under another name.

Where the chosen name is "calculated to deceive," it is reasonable and in accord with sound public policy to deny the right to carry on business under such name. Where *in fact* the choice of name is not calculated to deceive, denial of right to use it would be unreasonable. Documents in the office of the Secretary of State may in many instances be sufficient to determine the question of fact. If insufficient, or if his determination is challenged, the Secretary of State should be permitted to consider other evidence submitted to him. It may be that the power of the Secretary of State is not " equivalent to the plenary equity jurisdiction of the court " where there is claim of unfair competition. None the less, just as the equitable jurisdiction of the court may be invoked only where there is proof of deception, so the power of the Secretary of State to reject a certificate arises only where it appears that similarity of name is calculated to produce deception. The basic question to be determined is similar, and the Legislature did not intend that the Secretary of State should make an erroneous or inequitable determination because of arbitrary limitation placed upon the relevant evidence which he may consider.

This case illustrates the inequities and the anomalies which may arise if the powers of the Secretary of State are restricted in the manner suggested by the appellant. The petitioner seeks authority to do business here under its corporate name. Its main business is, as Judge LOUGHRAN points out, the production of asphalt and petroleum for paving and kindred uses. It has been authorized to conduct that business under its corporate name elsewhere in the United States, including the State in which the intervener was, until recently, incorporated. The intervener is chiefly engaged in the construction, repair and operation of steamships and other water craft. The applicant and the intervener operate in fields almost completely separate. The tendency of similarity of names to create deception or even con-

fusion in connection with the business to be conducted here is almost illusory. If hereafter the manner of conducting business by either should accentuate that tendency and result in unfair competition, a court by the exercise of its " plenary equity jurisdiction " can afford ample protection.

Denial of authority to the petitioner to do business here under its corporate name will require the petitioner to refrain from doing business here or to change its corporation name, and to obtain authority in this State and elsewhere to do business under the changed name. If it changes its corporate name, the changed name may be similar to the name selected by some other corporation in some other State. The difficulties and the inconveniences may be endless. The Legislature has decreed that in spite of such difficulties, authority to do business here shall be denied to a corporation using a name so nearly resembling the name of a corporation already authorized to do business here " as to be calculated to deceive." There must be evidence to justify a finding that deception may reasonably be anticipated as the result of similarity of name. There can be no reasonable anticipation of such result here, for the names will, it appears, be used only in widely separated fields. Therefore the order of the Appellate Division should be affirmed, with costs.

CRANE, Ch. J., O'BRIEN, HUBBS and RIPPEY, JJ., concur with LOUGHRAN, J.; LEHMAN, J., dissents in opinion in which FINCH, J., concurs.

Order reversed, etc.