In the Matter of MOTOR CLUB OF AMERICA, Petitioner, against THOMAS J. CURRAN, as Secretary of State of the State of New York, Respondent.

Supreme Court, Special Term, Albany County, November 15, 1948.

*Falk & Orleans* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown and Irving I. Waxman of counsel),* for respondent.

*Brown and Gallagher, amicus curiæ.*

BOOKSTEIN, J. The record before this court cannot justify a determination on its part that the determination of the Secretary of State is arbitrary, capricious and unreasonable and constitutes an abuse of the discretion vested in him.

The only difference between the names of the existing domestic corporation, Automobile Club of America, Incorporated, and the foreign corporation, seeking the certificate to do business in this State, is in the use of the name of the former of the word " Automobile " and in the use by the latter of the word " Motor ".

The respective corporate powers are almost identical; the principal place of business of the existing domestic corporation and the proposed principal place of business of the foreign corporation are likewise the same.

While petitioner has made an excellent argument for its cause, this court is constrained to hold, under the decision of the Court of Appeals in *Matter of Barber Co.* v. *Department of State* (277 N. Y. 55) that the determination of respondent was based on competent evidence and was just, proper and legal.

In the *Barber* case (*supra*) while the similarity in names may have been somewhat greater, from the standpoint of eye and ear appeal, there was nevertheless no similarity whatsoever in the business in which the respective corporations were engaged and yet, the Court of Appeals sustained the action of the Secretary of State in rejecting the application of the foreign corporation, by reason of the restriction contained in section 9 of the General Corporation Law.

The test applied by the courts in private litigation between two corporations in actions to restrain unfair competition, is not necessarily the same test to be applied by the Secretary of State

in exercising his judgment under section 9 of the General Corporation Law.

That the petitioner would be a competitor of the existing corporation, with whose name the respondent has determined that the name of petitioner, is in such close resemblance " as to be calculated to deceive," cannot be doubted from an examination of its corporate powers and purposes.

In the *Barber* case (*supra,* p. 62) where the Court of Appeals said competition between the two corporations " may presently be unlikely " it nevertheless held that "neither the financial advantage of either nor the convenience of its customers was necessarily a conclusive factor. The duty of the Department of State was a duty to the public in the first instance. The effect of its action upon the rights of those who would seek executive or judicial relief against either corporation was to be considered as was also the effect thereof on the functions of these branches of the government ".

The determination of the respondent is confirmed and the petition dismissed, with costs.

Submit order.