FERDINAND MIRANDA, Respondent, v. BOSTON & MAINE RAILROAD, Appellant.— Appeal from an order of the Supreme Court entered in Rensselaer County Clerk's Office on the 20th day of October, 1948, permitting the plaintiff to inspect and to copy and photograph a statement given by the plaintiff to the defendant relative to the accident out of which the action arose. Order unanimously affirmed, with $10 costs and disbursements. Present — Foster, P. J., Heffernan, Brewster, Deyo and Santry, JJ.

In the Matter of MOTOR CLUB OF AMERICA, Appellant, against THOMAS J. CURRAN, as Secretary of State of the State of New York, Respondent.— Appeal from an order of the Supreme Court, Albany Special Term, which confirmed respondent's determination and denied petitioner-appellant's application for a review under article 78 of the Civil Practice Act. Respondent refused to accept and file a certificate of authority for petitioner-appellant to do business in this State under the name " Motor Club of America " on the ground that such name too closely resembled a name already in use, to wit, " The Automobile Club of America, Inc." We cannot say that respondent, acting in an administrative capacity, did not have a reasonable basis for his determination. If the matter was debatable the choice was his and his determination is not subject to judicial interference. Order unanimously affirmed, with $10 costs and disbursements. Present — Foster, P. J., Heffernan, Brewster, Deyo and Santry, JJ. [193 Misc. 157.] [See 275 App. Div. 727.]

In the Matter of LOOMIS BURRELL et al., as Trustees of the BURRELL INVESTMENT TRUST, Petitioners, against THOMAS H. LYNCH et al., Constituting the State Tax Commission, Respondents.— Motion to resettle an order. A determination by the State Tax Commission that the Burrell Investment Trust was subject to a franchise tax in the sum of $23,086.13 was annulled by a decision of this court. The order entered on this decision directed the commission to refund the amount assessed with interest. The Attorney-General contends that the court has no power to make either directive. The State Tax Commission is a statutory body and possesses only those powers given to it by statute. Under the statute it may correct an erroneous or illegal assessment of taxes and direct the Comptroller to issue a refund without interest. (Tax Law, § 214.) It has no power to direct the payment of interest. Upon a review by certiorari under the Tax Law this court has the power in a proper case to confirm or annul the determination of the commission, but it may not compel the commission to perform an act beyond its statutory authority, such as the payment of interest upon a refund. It may, however, direct the commission to issue an order upon the Comptroller for the payment of a refund without interest, for such an order is within the statutory authority of the commission. Motion for resettlement granted, without costs, and the order herein may be resettled upon two days notice before any Justice of this court in conformity with the foregoing. Foster, P. J., Brewster, Deyo, Santry and Bergan, JJ., concur. [See *ante,* pp. 347, 1017.]