PEERLESS ELECTRIC COMPANY, a Foreign Corporation, Plaintiff, *v.* PEERLESS ELECTRIC INC., a Domestic Corporation, Defendant.

Supreme Court, Special Term, New York County, October 21, 1954.

*Ganville Whittlesey, Jr., George A. Birrell, Joseph S. Kelly* and *Henry H. Hoppe* for plaintiff.

*Armand E. Lackenbach* and *Burton Perlman* for defendant.

STEUER, J. Plaintiff is an Ohio corporation and it or its predecessors of the same name have been in business for over fifty years. Plaintiff has an excellent reputation both for credit and for its products. Its business is extensive and is divided into

the following categories: It manufactures small electric motors for other manufacturers who incorporate them into various appliances; it manufactures small motors for sale to retailers; it manufactures motor-driven fans or blowers. It also contemplates going into the field of electronics for which enterprise it is preparing.

Defendant is engaged in the business of manufacturing cooking equipment such as broilers and friers which are marketed on a nationwide scale. It is owned and controlled by a family named Steinbook. These people first went into this business as assemblers of appliances under the name of Apex Distributing Co. about 1949. Later they did business through Royal Apex Electric Corp., a new corporation formed by them. In August, 1952, they went into the manufacturing business and formed Imperial Broiler Corp., but in November the name of their corporation was changed to defendant's present name. Prior to this time, Isaac Steinbook, the head of this family, had engaged in a number of enterprises, many of which came to grief financially, and he was twice forced to go into bankruptcy. His financial history is, to say the least, unfortunate. The present operations of defendant are on a wide scale involving large outlays for advertising in magazines and television. It has not been given any specific credit rating by financial institutions. In its advertising, its corporate name is given very little prominence, being confined to a single line in small print in visual advertisements and a single announcement in auditory advertising. It emphasizes the trade name of its products " Broil Quik ". The product itself carries a label " Broil Quik by Peerless ".

There has been some confusion in the minds of dealers and suppliers due to the similarity of names. All of this has taken the form of identifying the plaintiff as the manufacturer of defendant's product and has resulted in plaintiff's receiving orders and occasional bills intended for defendant.

Plaintiff seeks an injunction. It relies on similarity of name, proof of confusion and possibility of serious harm, should expansion of either business bring the parties into actual competition or should any possible future untoward financial experience of defendant be attributed to plaintiff.

Defendant, in resisting the application, relies on the character of the name, its innocence in adopting it, the absence of competition, and lastly that plaintiff has no right to bring the action. This last contention is based on the claim that plaintiff is a foreign corporation, doing business in this State without author-

ization. That it is a foreign corporation not authorized to do business here is admitted. But it is not doing business here. The presence here of an agent who forwards orders to the office in Ohio does not constitute doing business under familiar rules. Listing in the telephone book or its name on the agent's door does not affect the situation. This ground of defense is not available.

The first question is whether the defendant adopted the name for the purpose of making the public believe that it was trading with the plaintiff or someone in relationship with it. There is no evidence that this is so. The minimal use of the name in advertising indicates the opposite. It is true that in the legend " by Peerless " used on the labels attached to the broilers a script is used very similar to that used on plaintiff's letterheads. This solitary instance is merely coincidence.

The potentialities of damage which are the basis of restricting the use of a name are not removed merely because the use is innocent. A use for the purpose of fraud will always be enjoined; an innocent use only under certain circumstances. There are certain names which are given different tags — descriptive, laudatory, or the like — which are technically known as " weak ", meaning that an exclusive right in them is hard to obtain. Such names as " Superior ", " Majestic ", and " Royal " are so common that the use in and of itself imports nothing. One who takes such a name is assumed to know from the outset that such a name is being used widely, with the consequent possibilities of confusion. " Peerless " is in that class of names. And had the objection to defendant's title been based solely on that word in the title, it must have failed. It is different where, instead of one word in the title being adopted, the exact name is employed. Plaintiff is " Peerless Electric Company " and defendant is " Peerless Electric Inc." These names are exactly similar. In all but the most formal speech both are " Peerless Electric ". Under these circumstances, the innocence of the defendant is not a bar.

While competition provides the instances in which damage is most likely to result, the absence of competition does not remove the possibility. The public policy of this State is expressed in section 361-a of the General Business Law: " Likelihood of injury to business reputation * * * shall be a ground for injunctive relief in cases of trade-mark infringement or unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of the goods". Two substantial grounds of likelihood of injury

appear. Both parties are hopeful of expanding their present rather specialized activities into wider fields. That their fields will meet is not too remote as to bar its being a likelihood. While it would be distinctly improper to base a conclusion on the probability of the defendant's meeting with financial reverses, it must be admitted that the prior history of its founders makes this possibility a factor to be borne in mind. When this is coupled with the proved existent confusion as to the identity of the parties (trivial though the effects of such confusion may now be), the very serious potential danger to the plaintiff can be appreciated.

The effect of one other fact must be considered. Besides the plaintiff and defendant, there is at least one other "Peerless Electric" currently engaged in business in this country, and the number may be greater. Just what the activity of these enterprises is does not appear, except that, because their operations are so restricted as to location or nature, they have not affected the business of either of these parties. The failure of the plaintiff to take action against such users does not constitute an abandonment of its rights to protect its name.

Judgment is for the plaintiff, enjoining defendant from the use of the name "Peerless Electric Inc."