In the Matter of INDUSTRIAL PSYCHOLOGY, INC., Appellant, *v.* CAROLINE K. SIMON, as Secretary of State of the State of New York, Respondent.

First Department, March 22, 1962.

*Abraham M. Stanger* for appellant.

*Philip Watson* of counsel (*Irving Galt* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for respondent.

BREITEL, J. In this article 78 proceeding (Civ. Prac. Act, § 1283 *et seq.*) petitioner Industrial Psychology, Inc., a Virgin Islands corporation, seeks to compel the Secretary of State to issue a certificate of authority to do business in the State of New York under section 212 of the General Corporation Law.

Special Term dismissed the petition on the ground that petitioner did not qualify as a reorganized corporation under section 9 of the General Corporation Law. It was therefore held that it was not entitled to assume the name of the previously-authorized Illinois corporation which petitioner claims to have succeeded. In a prior article 78 proceeding, Special Term (27 Misc 2d 879 [EPSTEIN, J.]) declined to compel issuance of the certificate of authority, absent a showing of actual reorganization, on the ground that sections 7601 and 7602 of the Education Law prohibit the use of the word '' psychology '' in petitioner's name unless petitioner is first certified and registered under article 153 of the Education Law as qualified to practice psychology. That prior proceeding and the ensuing separate appeal have become academic in view of the subsequent proceeding and appeal.

The order should be reversed, the petition granted and the matter remanded to the Secretary of State.

Although petitioner argues vigorously that the literal language of the Education Law provisions do not relate to a corporation or to one not rendering therapeutic psychological services, Special Term looking to the purpose of the statute construed its provisions liberally, as it should have. With this there is no disagreement and further discussion of this issue is not merited.

The primary residual question, tendered by the parties, is whether section 9 of the General Corporation Law requires, in order for a successor corporation to be entitled to use the name

of a predecessor corporation, that it must qualify under some one of the categories of reincorporation, reorganization or consolidation, specified in the statute. The Secretary of State has thus far successfully argued that such a successor must, and that the Virgin Islands corporation does not, so qualify because it is not technically a reorganized corporation under the laws of either Illinois or the Virgin Islands. Moreover, the Secretary emphasizes that under Virgin Islands law, pursuant to which the petitioner was ·created, there is no provision for a reorganization as such.

Section 9 has become, over the years, a lengthy section including various provisions relating to prohibited names in addition to those effecting its original purpose of preventing deceptive duplication of corporate names. The portion pertinent to this case reads: " No certificate of incorporation of a proposed domestic corporation, and no statement and designation of a foreign corporation, having the same name as a corporation authorized to do business under the laws of this state or a name so nearly resembling it as to be calculated to deceive, shall be filed or recorded in any office for the purpose of effecting its incorporation, or of authorizing it to do business in this state; nor shall any corporation except a corporation organized for religious, charitable or benevolent purposes or a bar association or a corporation chartered by the regents be authorized to do business in this state unless its name has such word or words, abbreviation, affix or prefix, therein or thereto, as will clearly indicate that it is a corporation as distinguished from a natural person, firm or copartnership; or unless such corporation uses with its corporate name, in this state, such an affix or prefix * * * A corporation formed by the reincorporation, reorganization or a consolidation of other corporations or upon the sale of the property or franchises of a corporation, or a corporation acquiring or becoming possessed of all the estate, property, rights, privileges and franchises of any other corporation or corporations by merger, may have the same name as the corporation or one of the corporations to whose franchises it has succeeded."

Giving the section a sensible reading, there is no need to confine the reference to successor corporations to the special categories of such successor corporations named. Although there is faulty syntax involved, the language conveys the idea that a new corporation which succeeds to all of the assets, tangible and intangible, of another corporation is entitled to use the name of such other corporation. Reading the section to give effect to its purpose and giving appropriate emphasis to the

language " or upon the sale of the property or franchises of a corporation ", the key to solution is total transfer or devolution of all assets, tangible and intangible. It is that which gives the right to use the name of another corporation, rather than the technical form of transaction by which the transfer or devolution is accomplished.

On this view, therefore, it is not necessary to determine whether the Virgin Islands corporation is a reorganization of the Illinois corporation. Were this necessary, there would be real difficulty since, as the Secretary argues, the Virgin Islands corporation is in no technical sense a " reorganized " corporation.

In this instance, the Illinois corporation adopted and consummated a so-called plan of reorganization whereby all of its assets and liabilities were transferred to the new Virgin Islands corporation in return for its stock, and the Illinois corporation thereupon ceased doing business, filed a certificate of dissolution in Illinois, and tendered its certificate of authority to the New York Secretary of State. Moreover, it is interesting although not decisive that both corporations were organized as close corporations and the sole ownership of the issued stock was not changed. Nothing more remains to be done to effect the complete substitution of the new for the old corporation. Consequently, petitioner is entitled to be treated as a successor corporation under section 9.

While not raised by the parties, another problem is suggested by the case. It is arguable that the exception in section 9 for successor corporations should apply only to the original, limited prohibition of the section against deceptive duplication of corporate names (see General Corporation Law, § 4, as enacted by L. 1890, ch. 563). In short, it may be argued that the exception for use of older names by successor corporations does not allow the continued use of names which would be prohibited for newly-organized or newly-authorized corporations under existing provisions of law, such as the provisions of the Education Law to which reference was earlier made and which were enacted in 1956 after the Illinois corporation had obtained its certificate of authority in New York in 1955 (L. 1956, ch. 737).

As noted earlier, the statute, over the years since the earliest predecessor in 1875 (L. 1875, ch. 611, § 4), has had added to it various provisions prohibiting the use of specific words in corporate names, either because their use was to be limited to corporations organized under special incorporation statutes or for other policy reasons. The juxtaposition of such provisions, although they come into the statute later, suggests that the

exception upon which petitioner relies operates to permit, at least, the use of names of previously-authorized corporations, even if such names contained one or more of the specifically prohibited words. Apart from such inference as might be drawn from this juxtaposition in the statute there is little else to shed light upon the true construction.

Such decisional law as has been found involves the statutory requirement that the corporate name bear indicia of corporateness.

In *People ex rel. United Verde Copper Co.* v. *Hugo* (181 App. Div. 149) the court seemingly concluded that the successor of a foreign corporation could assume the same name and obtain a certificate of authority to do business in the State, despite the lack of any words in the name indicating corporate character, but in conducting its business the corporation would have to use something in connection with the name to signify corporateness. In that case the court found that the petitioner was not in fact a successor and therefore denied the relief sought. In a concurring opinion, Presiding Justice KELLOGG concluded that petitioner was not entitled to a certificate of authority even if it were a true successor, indicating that the requirement of a name signifying corporateness was absolute and not subject to the exception for successor corporations. The statute there involved was former section 6 of the General Corporation Law (L. 1909, ch. 28, as last amd. by L. 1917, ch. 594), from which the present section 9 was derived. The relevant language was the same.

In *Matter of Sizer Lbr. Corp.* v. *Knapp* (124 Misc. 669) the court viewed the *United Verde Copper Co.* case as leaving open the question whether a successor to a foreign corporation had an absolute right to assume and use the former name which failed to indicate corporateness. It was thereupon held that former section 6 plainly accorded the absolute right of use by the successor.

Although Presiding Justice KELLOGG in the *United Verde Copper Co.* case treated the statutory exception as applying only to the prohibition against deceptive duplication, regarding the intrusion and juxtaposition of sentences in the section as a mere legislative mistake, it is apparent that none of the other Justices in that case or the Justice in the *Sizer* case agreed with him.

Apart from decisional law perhaps the best available evidence of current legislative construction of section 9 is provided by the new Business Corporation Law (L. 1961, ch. 855). This law, of course, is not to take effect until April 1, 1963, but it represents a current studied recodification, clarification, and

revision of the existing corporation statutes. In dealing with section 9 the revisors undertook to simplify and make clear its meaning, and as will appear not to change its purport. In accomplishing this the several purposes embraced by the statute were separated and embodied in separate provisions. Thus the new section 301 prohibits name duplication, requires an indication of corporateness, and lists specific prohibited words.

Section 301 provides, in pertinent part, as follows:

" (a) Except as otherwise provided in this chapter, the name of a domestic or foreign corporation:

\* \* \*

" (3) Shall not contain any word or phrase, or any abbreviation or derivative thereof, the use of which is prohibited or restricted by any other statute of this state, unless in the latter case the restrictions have been complied with."

This limitation, but for the exception which follows, would evidently embrace the prohibitions contained in the Education Law.

But, the exception for successor corporations, contained in the new section 302, is as follows:

" (b) The provisions of section 301 (Corporate name; general):

\* \* \*

" (2) Shall not prevent a corporation with which another corporation is merged, or which is formed by the reorganization or consolidation of one or more other corporations or upon a sale or other disposition of all or substantially all of the property of another corporation, from having the same name as any of such corporations *if at the time such other corporation was authorized or existing under any statute of this state."* (Emphasis supplied.)

It is thus quite evident that the revisors and the Legislature which enacted the Business Corporation Law intended the exception for successor corporations in section 302 to apply not only to the prohibition against name duplication but to all other prohibitions and requirements of section 301, including the provisions of paragraph (3) of subdivision (a) which refer to other statutes of this State prohibiting or restricting the use of certain words of phrases.

In drafting and adopting these provisions of the Business Corporation Law, the Legislature apparently regarded them as merely clarifying existing law. The revisors' comment upon the exception for successor corporations contained in section 302 states, " Paragraph (b) (2) is presently in Gen. Corp. L.

§ 9 with the language clarified.'' (Joint Legis. Comm. to Study Revision of Corporation Laws, Supp. to Fifth Interim Report to 1961 Sess. of N. Y. State Legislature, p. 22, Legis. Doc. [1961], No. 12.) There is no suggestion, as elsewhere in the revisors' notes, that any change in law is propounded.

Consequently, looking to the language of section 9 as it has read for many years, such decisional interpretation as is available, and, more particularly, the construction given to it in the 1961 recasting of the section into the new Business Corporation Law, it is concluded that the exception in the statute generally confers a right in a successor to use a predecessor's corporate name despite later statutory prohibitions on such use for new corporations. At least this would seem to be so in the absence of express manifestation of intent to the contrary in the restrictive statutes.

Moreover, the Secretary of State has a limited responsibility in passing upon certificates of authority (cf. *Matter of Barber Co.* v. *Department of State,* 277 N. Y. 55, 58–61). It suffices, therefore, for the limited purposes of such responsibility that the petitioner seeks to assume the name of the Illinois corporation which was lawfully authorized to do business in this State by the name it bore under existing statutes.

Accordingly, the order dismissing the petition should be reversed, on the law and the facts and in the exercise of discretion, and the matter remanded to the Secretary of State for the taking of appropriate ministerial action in accordance with this opinion, if petitioner's application otherwise complies with requirements of law, with costs to petitioner-appellant.

BOTEIN, P. J., STEVENS, EAGER and STEUER, JJ., concur.

Order entered on January 2, 1962, dismissing the petition, unanimously reversed, on the law and the facts and in the exercise of discretion, and the matter remanded to the Secretary of State for the taking of appropriate ministerial action in accordance with the opinion herein, if petitioner's application otherwise complies with requirements of law, with $20 costs and disbursements to petitioner-appellant.