Joseph Life, J.
The petitioner, Jervis Corporation, is a corporation organized and existing under the laws of the State of Michigan. The respondent has refused to accept and file petitioner’s application for authorization to do business in this State on the ground that the name Jervis Corporation is the same as that of Jervis Limited, a New York corporation.
The petitioner seeks relief by this article 78 proceeding and the respondent, in a companion motion, moves for an order dismissing the petition pursuant to CPLR 7804, subd. (f).
There can be no argument but that the general purposes of the statutes limiting use of corporate names is to protect the public and to prevent deception and confusion (Business Corporation Law, §§ 301, 302). Subject to the limitations imposed by the Constitution of the United States, a foreign corporation may be prevented from doing business in this State and should it be granted leave to conduct its business within the boundaries of this State, conditions may accompany the privilege. (Business Corporation Law, art. 13; Pohlers v. Exeter Mfg. Co., 293 N. Y. 274.)
The sections of the Business Corporation Law in relevant part provide as follows:
Section 301:
“ (a) * * * the name of a domestic or foreign corporation : * * *
“ (2) Shall not be the same as the name of a corporation of any type or kind, as such name appears on the index of names of existing domestic and authorized foreign corporations of any type or kind in the department of state, division of corporations * * * or a name so similar to any such name as to tend to confuse or deceive.”
Section 302, setting forth exceptions to section 301 {supra), provides:
“ (b) The provisions of section 301 (Corporate name; general); * * *
“ (3) Shall not prevent a foreign corporation from being authorized under a name which is similar to the name of a *187 corporation of any type or kind existing or authorized under any statute, if the department of state finds, upon proof by affidavit or otherwise as it may determine, that the applicant has engaged in business under its said name for not less than ten consecutive years immediately prior to the date of its application, that the business to be conducted in this state is not the same as or similar to the business conducted by the corporation with whose name it may conflict and that the public is not likely to be confused or deceived, and if the applicant shall agree in its application for authority to use with its corporate name, in this state, to be placed immediately under or following such name, the words ‘ a * * * (name of jurisdiction of incorporation) corporation ’ ’ ’.
¡Section 301 applies to domestic and foreign corporations alike and it is designed to prevent the use of the same name, or a name so similar as to tend to confuse or deceive and it relates to corporations of whatever “ type or kind ”.
The provisions of section 302 do not enlarge upon those of section 301. It confers upon the Secretary of State a discretionary power to authorize a foreign corporation to do business here, where (1) its name is not so similar to any name appearing on the Secretary’s index of names as to tend to confuse or deceive (§ 301, subd. [a], par. [2]); and (2) the corporation also meets the additional tests imposed by section 302 (subd. [b], par. [3], supra).
The further requirements imposed by section 302 (subd. [b], par. [3]) are that the corporation may file its certificate to do business here though its name is similar, provided that the Department of State finds that the applicant has been engaged in business for 10 years; that the business to be conducted in this State is not the same as, or similar to, that conducted by another corporation then present in the State and with whose name it may conflict so that the public may be confused or deceived; and finally, if the applicant agrees to place after its name a designation indicating the State of its incorporation.
The'word “ tend ” used in section 301 (subd [a], par. [2]) is significant. The former statute (General Corporation Law, § 9) included “ a name so nearly resembling it as to be calculated to deceive ”. The change was made deliberately, in accordance with decisional law. The petitioner has not brought itself within the exception of section 302 (subd. [b], par. [3]).
The respondent has determined that not only is the name which the petitioner proposes to use in this State similar and likely to confuse or deceive the public, but that it is in fact the same name and the only difference between the two is the *188 identification following the name which is employed to advise the public of the corporate character of the company (Business Corporation Law, § 301, subd. [a], par. [1]).
In a similar set of circumstances the court in Matter of Motor Club of America v. Curran (274 App. Div. 1083) stated: “ We cannot say that respondent, acting in an administrative capacity, did not have a reasonable basis for his determination. If the matter was debatable the choice was his and his determination is not subject to judicial interference.” (Cf. Matter of Von Kohorn v. Morrell, 9 N Y 2d 27.)
The court finds that the names Jervis Corporation and Jervis Limited are the same, but in any event, the respondent had facts before him which were sufficient to justify his determination, in the exercise of discretion, that the names were identical. His refusal to file the petitioner’s application was not arbitrary or capricious and was made in the discharge of his duty to the public (Matter of Barber Co. v. Department of State, 277 N. Y. 55). “ The primary object of a mandamus order is to compel action, not the manner of acting. It is never granted to compel the discharge of a duty involving the exercise of judgment or discretion.” (Matter of Brooks Clothing of California v. Flynn, 232 App. Div. 346, 348.)
In Peerless Elec Co. v. Peerless Elec., Inc. (206 Misc. 965) the court held (p. 968): “ It is different where, instead of one word in the title being adopted, the exact name is employed. Plaintiff is ‘ Peerless Electric Company ’ and defendant is ‘ Peerless Electric Inc. ’ These names are exactly similar. In all but the most formal speech both are * Peerless Electric ’.”
The petitioner argues that the two corporations are in dissimilar businesses and therefore it would be impossible for the public to become confused. In Matter of Barber Co. v. Department of State (supra) each corporation involved was in a different business but the court nevertheless found that neither the financial advantage, nor the convenience of the customer was necessarily a conclusive factor. Since neither name suggested any specific commercial activity the names The Barber Company, Inc., and Barber & Co., Inc., so nearly resembled each other as to be calculated to deceive. (Matter of Barber Co. v. Department of State, supra, p. 62.)
In drafting and adopting the provisions of the Business Corporation Law the Report of the Joint Legislative Committee to Study Revision of Corporation Laws (Fifth Interim Report to 1961 Sess. of N. Y. State Legislature, p. 59 [N. Y. Legis. Doc., 1961, No. 12]) stated: “The secretary of state is permitted greater discretion to accept applications from foreign *189 corporations established in their home states for many years under names similar to those of existing corporations. The section provides, however, that such corporations will not be granted authority where the use of the name may be confusing or deceiving.” Obviously, discretion was conferred upon the respondent herein (cf. Matter of Industrial Psychology v. Simon, 16 AD 2d 114).
The respondent, in the exercise of his discretion, properly refused to accept the petitioner’s application.
The application of the petitioner is denied and the petition is dismissed.