## (December 5, 1967)

■ CONTINENTAL TELEPHONE CORPORATION, Appellant, v. CONTINENTAL TELEPHONE SUPPLY Co., INC., Respondent.— Order entered July 12, 1967, denying plaintiff's motion for a preliminary injunction affirmed, without costs or disbursements. The plaintiff corporation is a foreign based corporation organized in 1960 under the name "Telephone Communications Corporation". In September of 1961 it changed its name to "Continental Telephone Corporation". In the Spring of 1964 following a merger with another company it again changed its name, this time to "Continental Independent Telephone Corporation." In May of 1965 it switched back to the name "Continental Telephone Corporation", under which name it is now known. The defendant, a New York corporation, secured its present name by permission of the New York Secretary of State in February of 1963. There is not here the exceptional case that warrants intervention by an appellate court. The plaintiff delayed its action for several years from the time it first learned of the use of its name by the defendant. The vast bulk of the plaintiff's business is more national than local, whereas the defendant's activities are largely local sustained by an extensive local advertising campaign. Neither the activities nor the growth of the plaintiff have been adversely affected by the defendant's name. The sensibilities of the plaintiff are offended by some of the defendant's activities but there is no proof it has been injured financially. Granting of the injunction would mortally misaffect the defendant; denying it would have but a minimal effect on the plaintiff. Furthermore, there are issues that properly should be reserved for the trial process, for findings of fact and conclusions of law, and for a considered appraisal of the defendant's position and rights. The fact that plaintiff may ultimately prevail is not here and now the test. Concur — Stevens, J. P., Eager, Capozzoli and McGivern, JJ.; Steuer, J., dissents and votes to reverse and grant the motion for a temporary injunction in the following memorandum: On this application for a temporary injunction there are no facts in dispute. Nor does it appear or is it even claimed that a trial will reveal any additional facts which would affect the ultimate rights of the parties. Under these circumstances there can be no valid objection to granting plaintiff any relief to which it may be entitled at this time, and the restrictions against such an order have, under the circumstances, no application. Plaintiff is an independent telephone company, that is, one not affiliated with the Bell System. It owns several operating telephone companies in various parts of the country and is actively engaged in acquiring such companies. It is now the third largest of such independent companies. It was organized in 1960 as a Delaware corporation and adopted its present name of Continental Telephone Corp. in 1961. In 1964 it changed its name

to Continental Independent Telephone Corporation, and in early 1965 changed back to its present title. Defendant was organized in 1962 as International Telephone Supply Co. It was in the business of selling antique telephone instruments and related objects. In 1963 the International Telephone and Telegraph Company (I. T. & T.) objected to the use of the name and defendant voluntarily changed its name to its present title, Continental Telephone Supply Company. Its business has also changed, and its present activity is the manufacture and sale of electronic listening devices, commonly called "bugging" devices, though it still continues the sale of antique instruments. Plaintiff's stock is listed on the New York Stock Exchange and a necessary part of its activities is the financing of the purchase of operating companies. Publicity attendant upon defendant's activities in the field of listening devices has come to the attention of certain lending institutions, causing at least temporary embarrassment to plaintiff when the similarity of names led to the belief that there was but one company. Concededly, the name "Continental" being a geographic term, no proprietary interest in that word can be acquired. It is otherwise where the word is coupled in the title with a particular product or business. Then there is an implied representation that the corporations are the same, and one may not benefit from the reputation of the other (*Eastern Constr. Co.* v. *Eastern Eng. Co.*, 246 N. Y. 459), nor can one be put to the hazard of suffering for the other's possible loss of credit or other misfortune (*Peerless Elec. Co.* v. *Peerless Elec.*, 206 Misc. 965). It is for this reason that the absence of competition is not a significant factor (*Tiffany & Co.* v. *Tiffany Prods.*, 147 Misc. 679, affd. 237 App. Div. 801, 262 N. Y. 482). And it is the similarity of names that establishes the likelihood of confusion, subject to certain exceptions not here applicable (*Standard Oil Co. of New Mexico* v. *Standard Oil Co. of Cal.*, 56 F. 2d 973, 978). No evidence is going to change the facts as to plaintiff's earlier adoption and use of its name. The mere fact referred to in the majority opinion that plaintiff has only recently begun to operate in this State is of no significance (*Maison Prunier* v. *Prunier's Rest. & Cafe*, 159 Misc. 551). In the last cited case the court, per Shientag, J., did not hesitate to grant relief in advance of trial even though the parties were not in competition, and granting the injunction effectively destroyed the defendant's business.