ARNO W. ROBERTSON, Plaintiff, *v.* L. NICHOLES Co., INC., and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, October 22, 1931.

*Horace G. Mares,* for the plaintiff.

*John D. Flynn,* for the defendants.

CHILVERS, J. The facts were stipulated in lieu of taking oral testimony.

The plaintiff purchased shares of the capital stock of the defendant corporation at par which shares were " of the fair market value " of the $450 that he paid for them. He thereafter delivered the certificate to an officer of the defendant for transfer. This was refused by the secretary, on the ground that under a by-law no share could be transferred unless it had first been offered to the other stockholders of record.

The refusal was wrongful. In the absence of a provision in the certificate of incorporation limiting the transferability, shares may be fully alienated. A by-law preventing such limitation, if brought to the knowledge of the transferee, would also bind him so far as depriving him of the right in equity to compel a transfer. Knowledge or notice is not shown here, and this is not an action in equity.

Plaintiff sues in conversion for the full value of the shares, $450, relying on a dictum in *Travis* v. *Knox Terpezone Co.* (215 N. Y. 259, at p. 265): " The law gave him a choice of remedies, equitable and legal. He might * * * sue the corporation for their value either in trover or in assumpsit." That was purely obiter in that

case, but the dictum is based on *Kortright* v. *Buffalo Commercial Bank* (20 Wend. 91), where it was squarely held that, on the wrongful refusal to transfer shares, assumpsit, on the basis of a conversion, would lie for the full value against the corporation. The theory of the decision was that the corporation had assumed a dominion and control over the shares inconsistent with the ownership of the plaintiff, thus depriving the plaintiff of his ownership and vesting the ownership in the corporation.

That case was decided in 1838. Since then corporate activity has become immeasurably more prevalent, and statutes and rules of law then unheard of have been called into being by the exigencies of this prevalence. Then it was virtually only companies with scattered stockholders that were in existence; the "closed corporations" and family corporations that are to-day most ordinary had not been used to any appreciable extent.

A salutary statute is the one that prohibits a corporation from purchasing its own shares except out of surplus. Another is the one that inhibits a corporation from decreasing its authorized capital stock when in so doing the existing creditors would be prejudiced.

The rule of 1838 says that when transfer has been wrongfully refused, the corporation must be presumed to have deprived the owner of the shares and have become the owner itself. I do not believe the court should allow a presumption that might be a violation of a salutary statute. If the company could not legally become the owner of its shares by purchase, it should not become the owner by presumption. In the case of closed corporations, the door would frequently be opened to fraud on creditors.

There is a remedy available which is quite adequate. The plaintiff can be fully compensated in damages in an action for enforcing a transfer. Except for the full value, there is no evidence here of the damage done. And in a law action such as this one, the awarding of damages alone would not be satisfactory, because the refusal might be repeated and a new action would have to be commenced.

The complaint is dismissed, but without prejudice to the prosecution of any action other than as for a conversion.