# (May 25, 1954.)

◼

In the Matter of the Arbitration between GOLDMAR HOTEL CORP., Appellant, and MORNINGSIDE STUDIOS, INC., Respondent.

*Per Curiam.* The lease obligations on appellant's part to keep the demised premises in good repair and to comply with all governmental laws and requirements were absolute and unconditional. The only provision in the lease for arbitration was in event of disputes as to *whether* repairs or replacements were necessary. There could not be any question as to the necessity of removing violations of the Multiple Dwelling Law and naturally there was no provision in the lease for arbitration as to violations. While a failure to repair might also be a violation, to that extent there would be no arbitrable question.

We find no significant overlapping between the schedule of repairs which appellant agreed to make in settlement of the last arbitration proceeding and the schedule of newly demanded repairs which respondent claims are necessary and which Special Term referred to arbitration. The former schedule is sufficiently delineated for the Municipal Court to determine whether or not the obligation thereof has been performed. That court will not be concerned with the latter schedule and there will be no occasion for confusion. Certainly any possible connection between the two schedules does not entitle appellant to a rearbitration of the matters on the first schedule as to which it has already had an arbitration and agreed to perform.

Likewise, questions of violations are separate and distinct from any questions as to the necessity of repairs. The Municipal Court will be concerned solely with the question of whether there were violations which were not removed in time. It will not be concerned with any question as to whether repairs were otherwise necessary or required by virtue of the contract between the parties.

It does not appear that the items of violations and repairs are duplicative, but the fact that certain work might be required under both specifications is immaterial. Any question of a violation can certainly be independently determined and any such question is not arbitrable.

We do not have before us in this proceeding any question as to any equitable defense which the appellant might possibly have in the Municipal Court proceeding or otherwise.

The order appealed from should be affirmed, with costs to respondent.

DORE and CALLAHAN, JJ. (dissenting). Petitioner-appellant is the lessee of a residential hotel at 100 Morningside Drive, New York, N. Y.; respondent, Morningside Studios, Inc., is the landlord or lessor of the hotel. Under the terms of the lease, the landlord and tenant expressly agreed that all disputes with regard to whether " repairs or replacements " were " necessary " and the " work required " relating to the same or the provisions for " additional " rent were subject to arbitration. Claiming that a controversy had arisen between the parties with regard to the necessity for certain work done or repairs by the tenant, the tenant demanded arbitration and a stay of the landlord from prosecuting summary dispossess proceedings in the Municipal Court.

The learned Special Term held that the tenant had the right to arbitrate the items listed on a so-called Schedule B of the landlord's notice of September 30, 1953, but not the items on a so-called Schedule A of the notice of December 2, 1952, and, accordingly he refused to pass on the rights and obligations of the parties with respect to Schedule A and stayed the proceedings in the Municipal Court only as to items in Schedule B. But the landlord has alleged a breach as to repairs generally in the petitions filed in the Municipal Court without differentiating between the schedules in question.

The factual effect of the landlord's action may be the forfeiture of the $50,000 deposit, put up by the lessee for security, without giving the tenant the right to question the reasonableness of the landlord's demands by arbitration, as provided in their agreement. The learned Special Term held that it was not the intention of the parties to enable the landlord to achieve such forfeiture by the three-day demand.

Whether the dispute rests on Exhibit B, A or E, there is a dispute between the parties that basically relates to repairs and the parties should be compelled to arbitrate especially when in a summary holdover dispossess proceeding in the Municipal Court, the landlord may be able to achieve a forfeiture before arbitration has been had on all issues. As to so-called " violations " which Special Term held were not arbitrable, it appears that most of them, if not all of them, also arose through lack of replacement or repair, and, therefore, are also covered under the agreement to arbitrate " any dispute " where repairs are necessary.

Accordingly we dissent from the affirmance of the order appealed from and vote to reverse the order so far as appealed from and stay all Municipal Court proceedings pending arbitration of all issues. The arbitration should proceed expeditiously and be terminated within a reasonable time.

Peck, P. J., Breitel and Bergan, JJ., concur; Dore and Callahan, JJ., dissent in opinion.

Order affirmed, with $20 costs and disbursements to the respondent.