A. Franklin Mahoney, J.
On or about December 17, 1971, the petitioner, a Pennsylvania corporation, transmitted to the Secretary of State of the State of New York an application for authority to do business in New York State. The application was accompanied by an affidavit pursuant to section 302 of the Business Corporation Law which stated that American \Auto Accessories Stores, Inc., was incorporated in Pennsylvania on August 20, 1919, and it was dissolved on January 26, 1966 and immediately thereupon and before its assets were distributed in liquidation, it changed its corporate name to O. & C., Inc., and as a part of the program of dissolution it was reincorporated as of April 6,1966. Next, in paragraph ‘ ‘ Sixth ’ ’ of that affidavit it is stated that American Auto Accessories Stores has been engaged in the business of merchandising automobile spare parts and accessories for not less than 10 consecutive years immediately prior to the date of its application for authority to do business in the State of New York.
The Secretary of State, on or about the 21st day of December, 1971, advised the petitioner that its application for authority to do business in New York, pursuant to the provisions of section 1304 of the Business Corporation Law, was declined because of the conflict of its name with American Auto Supply Co., Inc., a corporation organized and located in Monroe County. Thereafter, on or about the 30th day of December, 1971 petitioner resubmitted its application to the Department of State and, on or about the 10th day of January, 1972, was advised that its application, pursuant to section 302 of the Business Corporation Law, was not being accepted for filing. The Secretary of State gave as his reasons for nonacceptance that (1) American Auto Accessories Stores, Inc. ceased to exist as a corporation on January 26, 1966. Accordingly, the corporation failed to comply with the requirement of engaging in business as a corporation “ for not less than ten consecutive years ” as required by section 302 (subd. [b], par. [3]) of the Business Corporation Law and (2) that the certificate of incorporation of Ameri *974 can Aufo Supply Co., Inc. indicated that that corporation has as its purpose the sale of auto accessories thereby possibly creating confusion in the minds of the public because of the similarity between the proposed corporate name of the petitioner applicant and American Auto Supply Co., Inc. The Secretary of State also noted that the application was deficient in that it lacked a certificate of good standing issued by the Secretary of State of the State of incorporation.
This article 78 proceeding in the nature of mandamus requires a construction of the appropriate sections of the Business Corporation Law which, in pertinent part, are set forth herein:
Section 301 of the Business Corporation Law reads as follows:
“ § 301. Corporate name; general. * * *
“ (2) Shall not be the same as the name of a corporation of any type or kind, as such name appears on the index of names of existing domestic and authorized foreign corporations of any type or kind in the department of state, division of corporations, or a name the right to which is reserved, or a name so similar to any such name as to tend to confuse or deceive.”
Section 302 of the Business Corporation Law reads as follows:
“§ 302. Corporate name; exceptions. * * *
“ (3) Shall not prevent a foreign corporation from being authorized under a name which is similar to the name of a corporation of any type or kind existing or authorized under any statute, if the department of state finds, upon proof by aEdavit or otherwise as it may determine, that a difference between such names exists in the terms or abbreviations indicating corporate character or otherwise, that the applicant has engaged in business as a corporation under its said name for not less than ten consecutive years immediately prior to the date of its application, that the business to be conducted in this state is not the same as or similar to the business conducted by the corporation with whose name it may conflict and that the public is not likely to be confused or deceived, and if the applicant shall agree in its application for authority to use with its corporate name, in this state, to be placed immediately under or following such name, the words ‘a............(name of jurisdiction of incorporation) corporation ’.
Section 1304 of the Business Corporation Law reads as follows:
“ § 1304. Application for authority; contents.
“ (a) A foreign corporation may apply for authority to do business in this state. An application, entitled ‘ Application for authority of..........(name of corporation) under section 1304 of the Business Corporation Law ’, shall be signed and verified *975 by an officer of or attorney-in-fact for the corporation and delivered to the department of state. It shall set forth: * * *
“ (b) Attached to the application for authority shall be a certificate by an authorized officer of the jurisdiction of its incorporation that the foreign corporation is an existing corporation. If such certificate is in a foreign language, a translation thereof under oath of the translator shall be attached thereto.”
It must be conceded that the Department of State is vested with discretion and is required to exercise its judgment in the interest of the general public (Gross v. State of New York, 33 A D.2d 868; 19 NYCRR 147.1). Section 301 of the Business Corporation Law prohibits the employment of a corporate name that is the same as the name of a corporation, domestic or foreign, already on the index of corporations or a name so similar to any such name as to tend to confuse or deceive. Administrative judgment as to whether proposed corporate names “ tend to confuse or deceive” is discretionary in nature and final unless so wanting in logical premise as to be violative of good sense and reason. Similarly, the 1969 amendment to paragraph (3) of subdivision (b) of section 302 of the Business Corporation Law, deleting the phrase “ the same as ” and permitting the use by a foreign corporation of a name similar to an existing corporation, is bottomed upon a finding by the Department of State, upon proof by affidavit or otherwise as it may determine, that a sufficient distinction exists in terms of corporate character so that the public is not likely to be confused or deceived. In this case it cannot be denied there is a similarity between the proposed name of American Auto Accessories Stores, Inc. and American Auto Supply Co. and it is also undeniable that both corporations would operate in the same county. That such a situation, in the judgment of the Department of State, may tend to confuse or deceive is not so freighted with arbitrariness as to require revocation (Matter of Motor Club of Amer. v. Curran, 274 App. Div. 1083; Matter of Boufford v. Lomenzo, 38 A D 2d 986). As stated in Bouffard (supra) the test is not whether the similarity is “ calculated to deceive ”, it is enough to support administrative denial of filing if it may “ tend to deceive ”.
Next, the respondent’s determination must be supported on the further ground that the petitioning foreign corporation was not “ engaged in business as a corporation under its said name for not less than ten consecutive years immediately prior to the date of its application” as required by paragraph (3) of subdivision (b) of section 302 of the Business Corporation Law. The petitioner concedes in paragraph “ Second ” of its affidavit *976 that American Auto Accessories Stores, Inc. was dissolved on January 26, 1966. In its argument and brief, however, petitioner insists that the dissolution was more fictional than real. It is its position that American Auto Accessories Stores, Inc. entered into a contract of sale of its assets and that said contract required it to temporarily dissolve itself so as to change its name but that it never changed its character as a corporation continuing to do business under its business (as distinguished from corporate) name of American Auto Accessories Stores, Inc. Petitioner claims that a technical construction of section 302 (subd. [b], par. [3]) of the Business Corporation Law would be subversive of the legislative intent of attracting business to the State and, further, the verb “ find ” in the language of section 302 imposes an administrative duty on the Department of State to conduct a full evidentiary hearing so as to permit the submission of proof in support of the view that the prior 10-year business engagement clause relates not to a corporation engaging in business for 10 consecutive years under its corporate name but, rather, engaging in business for not less than 10 years under a business name.
The argument is ingenious but must be rejected for several reasons. First, to hold that the Department of State must conduct evidentiary hearings and look behind sophisticated merger agreements of foreign corporations negotiated and concluded in foreign States under foreign laws is not in keeping with the statutory mandate of section 302 which permits the Department of State to make its findings “ upon proof by affidavit or otherwise as it may determine ”. To hold otherwise would remove the. discretionary authority vested in the department and, next, would impose an intolerable burden not envisioned or required by the Legislature.
Finally, the respondent’s position that a foreign corporate applicant must have been doing business under its corporate name for at least 10 years in the State of incorporation is fully supported by the provisions of section 302 (subd. [b], par. [3]) of the Business Corporation Law. That section prohibits the provisions of section 301 from preventing a corporation which merges with another corporation from using the same name as the other corporation provided the other corporation is domestic and was authorized and existing under that name at the time of the merger. Clearly, if the law will not permit a hiatus in the use of a corporate name in domestic corporate mergers, it cannot be held the reverse is true with respect to mergers of foreign corporations.
The petition is dismissed.