Edward S. Conway, J.
This is an article 78 proceeding brought by the petitioner, Kahn & Jacobs, P. 0., for an order directing the respondent, Commissioner of Education, to certify petitioner’s certificate of amendment to its certificate of incorporation on the grounds that his refusal to do so is arbitrary, capricious and unreasonable.
Kahn & Jacobs was incorporated as a professional service corporation pursuant to article 15 of the Business Corporation Law on December 28, 1972, for the purpose of practicing the profession of architecture.
The shareholders of Kahn & Jacobs voted to and did accept offers by Messrs. George F. Hellmuth, Gyo Obata and George Kassabaum, each of whom is licensed by the State of New York to practice the profession of architecture, to purchase the majority of the shares of Kahn & Jacobs. Messrs. Hellmuth, Obata and Kassabaum practice architecture on a national level through corporate and partnership entities under the name HOK which they have registered as a trade-mark with the United States Government.
The petitioner corporation then sought to amend its certificate of incorporation to change the name of the corporation from Kahn & Jacobs, P. C. to Kahn & Jacobs/HOK, P. 0. In *356 order to effect this change it was necessary for the corporation to obtain the certificate required by section 1503 of the Business Corporation Law from the Commissioner of Education, the licensing authority in this case. This certificate is required to be attached to the amended certificate of incorporation which would then be filed with the Department of State.
The respondent, Commissioner of Education, refused to certify the amended certificate on August 20, 1973 on the grounds that the proposed new name of the corporation would be in violation of the rules and regulations of the Regents which prohibit the practice of the profession of architecture under an assumed or fictitious name, and that therefore the use of the new name would constitute unprofessional conduct and be illegal.
It is the contention of the respondent that the use of the initials HOK transforms the entire proposed name into an assumed or fictitious name which is prohibited by the rules of the Regents and section 1512 of the Business Corporation Law.
The court must agree with this contention of the respondent. The letters HOK clearly fall within the legal or dictionary meaning of the words “assumed” or “fictitious”. They allegedly represent the initials of the surnames of shareholders Hellmuth, Obata and Kassabaum, who are real persons duly licensed to practice in New York State. The purpose behind the prohibition against assumed names is to protect the public against deception or confusion as to the identity of the individuals with whom they are doing business (Gross v. State of New York, 33 A D 2d 868). The proposed name gives no disclosure of the identity of HOK or of “ H ” or of “ O ” or of “K” to the public (see People v. Hewson, 224 N. Y. 136, 138).
The respondent Commissioner of Education is vested with discretion and is required to exercise its judgment in the interests of the general public. Administrative judgments as to whether proposed corporate names tend to deceive the public is discretionary in nature and final unless so lacking in logical premise as to be violative of good sense and reason (Matter of American Auto Accessories Stores v. Lomenzo, 69 Misc 2d 972). In this case, the court determines that the respondent’s decision not to certify the name change did not violate good sense and reason and was not arbitrary or capricious nor in excess of his authority.
Therefore, the motion of the petitioner directing respondent to certify petitioner’s certificate of amendment is denied,