Edward J. Greenfield, J.
Motions bearing calendar numbers 19 and 126 of September 27, 1976 are consolidated for the purpose of disposition.
Can there be an Ernest M. Weiner, D.P.M., P.C., without Ernest M. Weiner? That question is presented by plaintiff’s application for a preliminary injunction restraining the defendants from utilizing the name Ernest M. Weiner, D.P.M., P.C.* Defendants oppose that application and move for an order staying this proceeding upon the grounds that the parties are obligated to arbitrate their disputes.
Ernest M. Weiner is a podiatrist admitted to practice in several States, including New York and Florida. He is a prominent practitioner, having been a past president not only of the Podiatry Society of New York State but also the American Podiatry Association. He began his practice in New York State in 1941, with offices at 450 Seventh Avenue, New York, New York, and continued to practice at that address until 1975. Between 1941 and 1970, he practiced under his own name, Ernest M. Weiner, D.P.M. In 1970 he formed a professional corporation (Business Corporation Law, § 1501 et seq.), utilizing the corporate name of Ernest M. Weiner, D.P.M., P.C.
The plaintiff continued to practice podiatry as a professional corporation until 1973, at which time he decided to sell his New York practice with a view to opening a practice in Florida. Thus, on or about April 1, 1973 the plaintiff entered into an agreement with Dr. John Valente and Dr. Allen Shuman (neither of whom is a party to this action) pursuant to which those doctors agreed to purchase and ultimately did *922 purchase all of the stock of the professional corporation Ernest M. Weiner, D.P.M., P.C. As part of that agreement, the plaintiff continued to. work as an employee of Drs. Valente and Shuman until September, 1975, at which time he discontinued his practice in New York.
Between 1973 and September, 1975, the name of the professional corporation continued to be Ernest M. Weiner, D.P.M., P.C. As of the latter date the plaintiff had not been fully paid for his stock in the corporation, and plaintiff claims that Dr. Valente had advised him that he intended to change the name of the professional corporation when he had completely paid for the stock.
In August, 1976, Drs. Valente and Shuman sold all of the stock of the professional corporation to the individual defendants in this action, Dr. Louis C. Galli and Dr. Joseph Geldwert. After that sale the plaintiff received from Dr. Valente full payment for his stock in the corporation.
Drs. Galli and Geldwert have continued to practice under the name of Ernest M. Weiner, D.P.M., P.C., notwithstanding notification from the plaintiff, on or about August 16, 1976, that he objected to their use of that name. Plaintiff contends that if the individual defendants and corporate defendant, Ernest M. Weiner, D.P.M., P.C., persist in the use of that name, it will not only confuse the public as to plaintiff’s relationship with the professional corporation, but also jeopardize the plaintiff’s professional reputation — developed over many years — through an inevitable association with the conduct of the individual defendants. In this regard, plaintiff complains that he has already been named in a malpractice suit brought against the professional corporation and that he has been dunned with letters from creditors of the professional corporation.
As noted, the defendants in their cross motion argue that this action should be stayed so that the dispute between the parties can be submitted to arbitration. In so arguing the defendants rely upon an arbitration clause contained in the original purchase agreement between plaintiff and Drs. Valente and Shuman. The plaintiff opposes the defendants’ cross motion upon the grounds that he cannot be compelled to arbitrate with strangers to the original agreement, i.e., Drs. Galli and Geldwert. However, not only is the specified arbitration clause extremely broad in scope, but the original purchase agreement also provides "All the terms, covenants, *923 representations, warranties and conditions of this agreement shall be binding upon, and shall inure to the benefit of and be enforceable by, the parties hereto and their respective heirs, representatives and successors.” Not only was the corporate defendant Ernest M. Weiner, D.P.M., P.C., a party to the original agreement, and thus obligated to arbitrate disputes arising out of that agreement, but the individual defendants Galli and Geldwert, as successors to the interests of Drs. Valente and Shuman, might also be required to arbitrate such disputes.
However, the disputed issue, of whether a physician, in maintaining a professional corporation, may utilize the name of another physician, appears to this court to constitute an important matter of public policy and therefore is not a proper subject of arbitration. As observed by the high court in Matter of Aimcee Wholesale Corp. (Tomar Prods.) (21 NY 2d 621, 629): "We have often held that the broadest of arbitration agreements cannot oust our courts from their role in the enforcement of major State policies, especially those embodied in statutory form”. (See, also, Matter of Maye [Bluestein], 45 AD2d 654; Matter of Goldmar Hotel Corp. [Morningside Studios] 283 App Div 935; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7501.19.) Thus, defendants’ cross motion to stay this action and compel the plaintiff to submit to arbitration must be denied.
Returning to the central question of whether the defendants may continue to utilize the corporate name Ernest M. Weiner, D.P.M., P.C., the plaintiff argues that such utilization is violative of section 1512 of the Business Corporation Law. That section provides in pertinent part: "Notwithstanding any other provision of law, the name of a professional service corporation may contain any word which, at the time of incorporation, could be used in the name of a partnership practicing a profession which the corporation is authorized to practice, and may not contain any word which could not be used by such a partnership.” This section defines the proper professional corporate name in terms of circumstances existing at the time of incorporation. Under this standard there would be no prescription against the defendants’ use of the name Ernest M. Weiner, D.P.M., P.C., for the selection of that name was admittedly appropriate at the time of the formation of that corporation. However, from the language of section 1512 it does not appear that the draftsmen of that section *924 contemplated the implications of a transfer of the shares of a professional corporation upon the maintenance of its corporate name.
Just as section 1512 of the Business Corporation Law defines the proper corporate name, at the time of incorporation, in terms of partnership law, it would appear that partnership law should also govern the propriety of the maintenance of such corporate name upon a change in the principals of a professional corporation.
The relationship between the principals of a professional corporation and the professional corporate entity itself is patently closer than that between the principals of a business corporation and the business corporate entity. The closeness of the former relationship is perhaps best manifested by the absence of limited liability which is afforded by the latter relationship (Business Corporation Law, § 1505; cf. Austrian, Lance & Stewart v Hastings Props., 87 Misc 2d 25). Under these circumstances the parallel between partnership law and the law applicable to professional corporations is readily apparent.
Normally the name of a partnership is considered an element of its good will (Matter of Brown, 242 NY 1). In some cases, however, it would be a fraud on the public to attempt to conserve the good will of an individual or former partner, which is personal to him, by attempting to create an appearance of continuity (Bailly v Betti, 241 NY 22). A comprehensive consideration of this subject is presented in Laube, Good Will in Professional Partnerships, 12 Cornell LQ 303. As noted in that article (p 322): "The good will of a firm may be inseparable from the firm name. It is conceded that where the firm name designates the business, and not merely the existing individuals, it belongs to the partnership. The buyer’s right to use impersonal names is generally well settled. A fictitious name is an impersonal one. It can be assigned with the business. No one can acquire the right to deceive the public. Therefore, the contract of a physician to practice in the name of another is void. An artist, who has acquired a reputation which gives his work a higher market value than those of another, cannot give the right to affix his name because it would be fraud upon the public. But, one firm can acquire the right to represent itself as the legitimate successor of another. In doing so, it represents that the old firm is extinguished and it is continuing the same kind of business *925 and enjoying its good will.” (See, also, Siddall v Keating, 8 AD2d 44, affd 7 NY2d 846; Morgan v Schuyler, 79 NY 490; Kahn & Jacobs v Nyquist, 76 Misc 2d 355; Jerome v Bigelow, 66 Ill 452; cf. People v Hewson, 224 NY 136.)
It should also be noted that 8 NYCRR 29.1 includes, as unprofessional conduct on the part of persons licensed to practice a profession, all such conduct as had been so defined by the provisions of title 8 of the Education Law in effect on August 31, 1971. Section 6513 of title 8 of the Education Law, in effect on August 31, 1971, provides: "1. Any person shall be guilty of a misdemeanor who shall: * * * c. Advertise to practice medicine, osteopathy or physiotherapy under a name other than his own or under a false or assumed name.” Subdivision 1 of section 7010 of that title also provides in pertinent part: “Any person who shall practice podiatry under a false or assumed name or shall falsely personate another practitioner or former practitioner of a like or different name, shall * * * be guilty of a misdemeanor and punished accordingly.”
Thus, to answer the question initially posed, there can be no Ernest M. Weiner, D.P.M., P.C., without Ernest M. Weiner. Plaintiff’s intention, if any, at the time he sold the shares of his professional corporation to Drs. Valente and Shuman, with regard to disposition of the corporation’s name is largely irrelevant, for as a matter of law and public policy Drs. Valente and Shuman, and their successors, the defendants Drs. Galli and Geldwert, may not practice exclusively under the name of the plaintiff, whether that name be utilized with or without "P.C.” Similarly, the plaintiff may not be said to have waived his right to object to the defendants’ use of his name, for it would be beyond his capacity in the first instance to authorize such use by the defendants.
It should perhaps also be noted that nowhere in article 15 of the Business Corporation Law, which pertains exclusively to professional service corporations, or, for that matter, in any statute, is there a requirement that, upon the transfer of the shares of a professional corporation, approval must be obtained from State authorities with regard to the continued use of an existing professional corporate name. Although section 1514 of the Business Corporation Law requires that each professional corporation file an annual statement with the licensing authority, listing the name and residence address of each shareholder, director and officer of such corporation and *926 certifying that all such individuals are authorized by law in this State to practice a profession which such corporation is authorized to practice, it does not appear that such requirement is either calculated to or actually utilized by State authorities to verify that professional corporations are maintaining appropriate corporate names, compatible with the identity of their stockholders. Thus, unless either a former stockholder, as in the instant action, or perhaps one misled by an inappropriate corporate name, notifies the responsible authorities of the improper utilization of a professional corporate name, no action would normally be taken to terminate such improper use. This condition is beyond the scope of the court’s control, but perhaps is a proper subject for remedial legislation.
Plaintiffs motion for a preliminary injunction restraining the defendants from utilizing the name Ernest M. Weiner, D.P.M., P.C., is granted in accordance with the foregoing.

 Parenthetically "D.P.M.” is an abbreviation for "Diplómate Podiatry Medicine” and as such signifies a recognized specialist in that field of medicine. The initials "P.C.” stand for "Professional Corporation” pursuant to subdivision c of section 1512 of the Business Corporation Law. All professional corporate names must end in the words "Professional Corporation” or the abbreviation "P.C.”