OPINION OF THE COURT
Alan- J. Saks, J.
Motion for reargument denied.
Defendant moves for reargument of this court’s decision and order of April 28,1982 granting plaintiff’s motion for summary judgment on the theory that the lawyer-shareholders of a professional corporation are individually liable for the business debts of the professional corporation. Defendant takes the position that limited liability continues to apply to such business debts and subdivision (a) of section 1505 of the Business Corporation Law removes limited liability only with respect to the relationship between lawyer and client. There is a case in support of defendant’s position (Schnapp, Hochberg & Sommers v Nislow, 106 Misc 2d 194), but this court does not find it persuasive. The purpose of permitting professional incorporation was, as is well known, to allow the setting up of pension funds that would confer certain tax advantages. It *775 was not to shield lawyers from the payment of just debts. Any such latter purpose would be clearly contrary to public policy. When one extends credit to a law firm, one expects that his debt is secured by the legal and moral obligation of the members of that firm, notwithstanding that it is a professional corporation.
Rather, this court continues to follow the two New York County Supreme Court decisions of Justice Greenfield previously relied on, namely, Austrian, Lance & Stewart v Hastings Props. (87 Misc 2d 25) and Weiner v Weiner (88 Misc 2d 920), and does not find them inapposite, as plaintiff urges. Austrian involved the question whether a professional legal corporation could represent itself as plaintiff. It did not involve the liability of members of such a corporation to its clients. Rather, the implicit holding is that the legal professional corporation plaintiff may represent itself because the shareholders that collectively comprise its client (itself) are individually liable for the debts of their firm. Thus, were defendant in that action to be awarded a recovery against plaintiff professional corporation (e.g., costs, counterclaim, sanctions for misconduct during the course of the litigation, etc.), the individual members of the corporation would be liable to defendant. In addition, in their role as shareholders of the firm representing the plaintiff, the members of that firm would also have to answer individually for liability to defendant that may be imposed on the firm as counsel. Hence, since none of the usual reasons for prohibiting a corporation from appearing as counsel were present, the general prohibition against such appearance would not apply. In short, while Austrian was not a suit on a present debt of the professional corporation, the limited liability issue was considered in the context of a prospective debt of the professional corporation to the defendant. Therefore, the fact situation in Austrian, as herein pertinent, was more analogous to the instant case than it would be to a case of liability to a client.
Any doubt that Justice Greenfield was of the opinion that limited liability does not apply to a professional corporation was dispelled in Weiner (88 Misc 2d, at p 924) where he .stated: “The relationship between the principals of a *776 professional corporation and the professional corporate entity itself is patently closer than that between the principals of a business corporation and the business corporate entity. The closeness of the former relationship is perhaps best manifested by the absence of limited liability which is afforded by the latter relationship (Business Corporation Law, § 1505; cf. Austrian, Lance & Stewart v Hastings Props., 87 Misc 2d 25). Under these circumstances the parallel between partnership law and the law applicable to professional corporations is readily apparent.”
Counsel for defendant is quite correct in pointing out that the liability of members of a professional corporation for the acts of the corporation was not the ultimate issue decided in Weiner (supra). Rather, that issue was whether a professional corporation could continue to operate in the name of its living founder, even though he no longer had any connection with it and had not consented to the continuation of his name before the initials “P.C.” (He had given such permission for a limited time to the remaining principals of the corporation when he severed his connection with it, but they subsequently resold the equity in the corporation to other persons.) However, the quoted statement forms an important element in Justice Greenfield’s decisional reasoning in resolving the ultimate question and it is broad and sweeping, making no distinction between liability in cases of purely commercial obligations and those arising out of the lawyer-client relationship.
Furthermore, it is to be noted that the statutory qualification “while rendering professional services on behalf of such corporation” (Business Corporation Law, § 1505, subd [a]) may be construed to apply to debts incurred ancillary to the rendering of professional services, and that this is a reasonable construction. The only limited liability of partners that would then remain in a professional corporation would be that based on the private, as distinguished from corporate acts of the de facto partners. Thus, partner A would not be liable for partner B’s private debts.
Plaintiff is incorrect in asserting that defendant may not move to reargue after an appeal has been taken. True, if the motion results in a granting of reargument, the appeal is vitiated, even if the original determination is *777 adhered to on reargument. (Then, an appeal may be taken from the determination after reargument.) Where reargument is not granted, the appeal from the original determination stands. (The record on appeal should, of course, include the denial of reargument.) Since the time to appeal is not extended by a motion to reargue in New York practice, it is only reasonable that a party be entitled to pursue a motion to reargue after an appeal is taken within the time limitation therefor.