OPINION OF THE COURT
William D. Friedmann, J.
Will an individual general release given by a medical doctor preclude a related subrogated claim brought on behalf of the doctor’s professional service corporation?
THE RELEVANT FACTS
Allstate Insurance Company has raised this question during a trial de novo (Rules of Chief Judge, 22 NYCRR part 28.12) as subrogee of Heinz Hunter, M. D., P. C., and on behalf of Heinz Hunter, M. D., P. C. Heinz Hunter, M. D., P. C., is a professional service corporation organized under article 15 of the New York State Business Corporation Law.
Subsequent to arbitration (Rules of Chief Judge, 22 NYCRR part 28.2) and pursuant to court order, defendant Anne Horowitz was granted leave to plead a second affirmative defense, “That on the 2nd day of April 198_, in consideration of the sum of $4,500.00, the plaintiffs subrogor, Heinz Hunter released any and all claims against, defendant Anne Horowitz.”
*788 During trial, the evidence in summary showed that real and personal property (a medical office and contents), belonging to Heinz Hunter, H. D., P. C., was damaged by an automobile driven by defendant Horowitz, after it was in collision with the automobile of defendant Cunningham. Following this property damage incident, Heinz Hunter, M. D., P. C., collected $5,400 under its policy with Allstate Insurance Company (subrogated subject of this litigation), and $4,500 was obtained by Dr. Heinz Hunter in his individual capacity from defendant Horowitz. Dr. Hunter testified that the $4,500 payment was exchanged in consideration for his individual general release. This individual general release dated April 2, 1981 shows Heinz Hunter and not Heinz Hunter, H. D., P. C., as being the releasor. Dr. Hunter testified at trial that the money paid to him individually was for items not covered by his professional service corporation’s policy, and was not the same subject of the professional corporation’s recovery against its own carrier, the Allstate Insurance Company.
SHOULD A CORPORATE VEIL BE LOWERED?
In determining whether the release executed by Dr. Hunter, individually as releasor, precludes this subrogated claim on behalf of Heinz Hunter, H. D., P. C., we are asked to ignore both the form and substance of the release, and find that the release is binding upon the professional service corporation which was not a party to the release.
Basically, a release constitutes a defense or bar of a claim or prospective claim which was the subject of the release.
Where a release is pleaded as a defense or bar to an action the question of the release’s validity or enforceability may be raised and tried in the action, with the burden of proving the legal effectiveness resting upon the party seeking its use. (CPLR 3018.)
A party ordinarily has authority to release only those claims, rights and causes of action belonging to the party either in an individual or representative capacity.
Representative relationships, in which a release may be binding, on a party who is not a party to the release, are (1) one joint obligee on others; (2) releasor upon a subrogation *789 claimant; (3) personal representative by the prior actions of decedent; and (4) predecessor in land title upon successor in title. (19 NY Jur 2d, Compromise, Accord & Release, § 75.)
Initial inquiry must focus upon whether the relationship of an individual to a professional service corporation, in which the individual is associated as a shareholder, director, officer, employee or agent, is such a relationship (representative, directive, or otherwise), as would make an individual release binding upon the professional service corporation.
Without question the principal purpose of professional service incorporation has been to secure tax and retirement advantages (Practice by Attorneys and Physicians as Corporate Entities or Associations Under Professional Service Corporation Statutes, Ann., 4 ALR3d 383), and that this is a developing field of legal interest. However, incorporated status has other corporate characteristics, purposes and advantages other than tax and retirement, namely, investment benefits and continuity of existences (but see Weiner v Weiner, 88 Misc 2d 920), centralized management and subject to certain exceptions as to transferability of interest (Business Corporation Law, § 1511; Udel v Udel, 82 Misc 2d 882) and protection by limited liability. For example, in New York State, professional service incorporation does not diminish the jurisdiction of licensing authorities over the individuals involved (Business Corporation Law, § 1505, subd [b]) or relieve individuals from the individual consequences of their negligent or wrongful acts or misconduct or of persons under their supervision, while rendering professional services on behalf of the professional service corporation (Business Corporation Law, § 1505, subd [a]; Liability of Professional Corporation or Association for Practice of Law for Torts of Individual Attorney — Member, Ann., 76 ALR3d 1020), but would effect matters of contractual or statutory liability — such as insolvency, etc. (cf. Austrian, Lance & Stewart, P. C. v Hastings Props., 87 Misc 2d 25).
In considering whether the individual form of release should be judicially construed to give effect to corporate existence, attention should be focused upon subdivision (b) *790 of section 1512 of the Business Corporation Law. The Legislature seems to have made it clear that a corporate name under article 15 of the Business Corporation Law should be specifically labeled so as to give notice to all with respect to the relationship and responsibilities of those operating thereunder. Subdivision (b) of section 1512 states, “Such corporate name shall end with the words ‘Professional Corporation’ or the abbreviation ‘P.C.’ ” (cf. 1974 Atty Gen [Inf Opns] 221).
CONCLUSIONS
This case should deliver a message of caution to those concerned with the relationships and responsibilities of professional service corporations and the individuals associated therewith. Especially alerted should be the draftsmen of legal instruments such as releases.
This court concludes that the corporate form and substantive functions of a professional service corporation should not be cavalierly disregarded or superimposed upon the actions of an associated individual.
The relationship of an associated individual, except as to licensing supervision (Business Corporation Law, § 1505, subd [b]) and for negligent, wrongful acts or misconduct, is clearly effected by incorporation.
Such relationships are not of such a representative or derivative nature as would make an individual release binding upon the professional service corporation (19 NY Jur 2d, Compromise, Accord & Release, § 75, and cases cited thereat). A release is an immediate discharge of a contractual right.
Dr. Hunter’s individual release being contractual in nature it is not binding upon Heinz Munter, M. D., P. C.
Moreover, any inquiry into the purpose for which the individual general release was given, in order to determine the intentions of the parties and aid in construction was precluded by the trial record. The only evidence concerning the purpose for the release was given by Dr. Munter. In any event, therefore, defendant Horowitz who had the burden of proving the legal effectiveness of the release has failed to establish such defense as a bar to recovery.
*791 Accordingly, judgment is awarded in favor of plaintiff against defendant Horowitz in the amount of $4,320 and against defendant Cunningham in the amount of $1,080, both together with interest from February 26, 1980, with costs.