OPINION OF THE COURT
Hugh A. Gilbert, J.
Issues of significant concern to practicing attorneys involved in either corporate or estate practice are raised herein. The question is raised herein as to whether a restriction on the transferability of stock binds the personal representative of a deceased stockholder.
The decedent, Vincent Spaziani, was 1 of the 5 original subscribers to the certificate of incorporation of Spaziani Bakeries, Inc. Paragraph eleventh of the certificate states that “No certificate of stock or any interest therein of this corporation shall be transferred to any person, persons, partnership or corporation until it has first been offered for sale in writing by registered mail to this Corporation.” The corporation seeks to have such clause enforced while the *902 distributees of Vincent Spaziani demand distribution of the stock to them by his administratrix in equal shares.
A common objective of incorporation, especially in a closely held corporation, is the avoidance of personal liability. (People ex rel. Winchester v Coleman, 133 NY 279; Herman v Siegmund, 102 AD2d 810.) Another primary objective is to guarantee and define the continuation of a family business, including the parties who are to be shareholders. (Allstate Ins. Co. v Horowitz, 118 Misc 2d 787.) Clauses such as paragraph eleventh herein are inserted in the certificate of incorporation to accomplish this latter objective. However, it appears that draftsmen must pay particular attention to the language used in such a clause if it is to be binding upon the estate of a deceased shareholder.
The ownership of stock vests in a person an interest or right in the management, profits and assets of that corporation. (Stockton v Lucas, 482 F2d 979.) The stockholder has basic ownership rights to such stock, including the right to dispose of it as his self-interest dictates. (Borden v Guthrie, 23 AD2d 313, affd 17 NY2d 571; Matter of Argus Co. v Manning, 138 NY 557.) A close corporation generally will seek to define or limit such right of disposition in its certificate of incorporation. (Robertson v Nicholes Co., 141 Misc 660.) As selected herein, one of the common methods of limiting such right of disposition is by requiring the stockholders to offer the stock first to the corporation or by giving it a right of refusal, before transferring the stock to another party. (Penthouse Props. v 1158 Fifth Ave., 256 App Div 685.) Such restriction is pursuant to the objective of a close corporation to determine “the selection of a particular plan of ownership and classification of the interests of security holders.” (Matter of Brunner Air Compressor Corp., 287 F Supp 256, 266.)
Therefore, there has evolved in the law a general principle that the courts will uphold and enforce restrictions on a stockholder’s right of disposition of his stock, or his right of alienability, if reasonable and for a valid business purpose. (Hassel v Pohle, 214 App Div 654; Cicero Ind. Dev. Corp. v Roberts, 63 Misc 2d 565; Stockton v Lucas, 482 F2d 979, supra.) A first option restricting, or right of first refusal, on *903 behalf of the corporation or other stockholders has been determined to be a reasonable and valid business purpose. (American Broadcasting Cos. v Wolf, 76 AD2d 162, affd 52 NY2d 394; Rowlee v Dietrich, 88 AD2d 751.)
Consequently, such a clause, as has been adopted by the incorporators of Spaziani Bakeries, Inc., herein, is valid and enforceable. (Allen v Biltmore Tissue Corp., 2 NY2d 534; Levey v Saphier, 54 AD2d 959, mot for lv to app den 41 NY2d 805.)
The draftsman of such a clause, however, must be very careful if it is the intention of the incorporators to bind the estate of a stockholder with such a clause. In order to bind the estate the restriction must not only be reasonable but must also be clearly expressed as intended to bind the estate. (Storer v Ripley, 12 Misc 2d 662; Globe Slicing Mach. Co. v Hasner, 223 F Supp 589, affd 333 F2d 413.) The restriction concerning a “transfer” of stock has generally been held not to include the passing of title by operation of law through a personal representative to the distributees or beneficiaries of a deceased stockholder. (Lane v Albertson, 78 App Div 607; Matter of Starbuck, 251 NY 439.) The application of such restrictions is limited by the principle “that death would not be presumed to trigger the operation of a repurchase option which did not mention death as a specified contingency.” (St. Louis Union Trust Co. v Merrill Lynch, Pierce, Fenner & Smith, 562 F2d 1040,1047.) If the certificate of incorporation specifically excludes stock passing by will or intestacy, the restrictive clause will not be applicable to such passage by will or intestacy. (Cowles v Cowles Realty Co., 201 App Div 460.) If silent as to the contingency of death such a restrictive clause is not valid and enforceable against the estate. (Matter of Blakeman, 518 F Supp 1095; O’Neal, Restrictions on Transfer of Stock in Closely Held Corporations: Planning and Drafting, 65 Harv L Rev 773, 791.)
Therefore, the administratrix herein is not required to offer the stock back to the corporation. She may distribute it in kind to the distributees of Vincent Spaziani, since the contingency of death was not specifically referred to in the certificate of incorporation. (Benkard v Leonard, 231 App Div 625; Scruggs v Cotterill, 67 App Div 583.) We are not *904 faced with or considering the issue, however, of the binding effect of this restrictive clause upon these lineal descendants once the stock has been transferred into their respective names.