■ DAVID C. GILBERG et al., Appellants-Respondents, v EDWARD J. LENNON, JR., et al., Respondents-Appellants. [622 NYS2d 962] —In an action to recover fees for legal services rendered, the plaintiffs appeal from (1) stated portions of an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 13, 1993, which, inter alia, denied their motion for a preliminary conference regarding certain outstanding discovery demands, and granted that branch of the defendants' cross motion which was to recover costs incurred due to the plaintiffs' refusal to proceed with the deposition of the defendants Brian and Christine Lennon, (2) an order of the same court, entered March 2, 1994, which, inter alia, granted the defendants' motion for summary judgment dismissing the complaint, and (3) a judgment of the same court, entered May

24, 1994, which was in favor of the defendants and directed the plaintiffs to pay costs and disbursements totalling $3,456.97, plus $300 pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 130-1.1 due to the plaintiffs' improper and frivolous conduct, and the defendants appeal from an order of the same court, entered November 13, 1992, which denied their initial motion for summary judgment dismissing the complaint, and cross-appeal, as limited by their brief, from so much of the order entered August 13, 1993, as denied their cross motion to disqualify the plaintiff David C. Gilberg from representing the plaintiffs in this action.

Ordered that the appeal from the order entered November 13, 1992, is dismissed, as that order was superseded by the order entered March 2, 1994; and it is further,

Ordered that the order entered August 13, 1993, the order entered March 2, 1994, and the judgment entered May 24, 1994, are affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiffs were retained by Hope Lennon, the deceased wife of the defendant Edward J. Lennon, Jr. to represent her in her action for divorce. After several years of protracted litigation, Hope Lennon died. The plaintiffs then instituted this action for attorney's fees against Edward J. Lennon, Jr. on the theory that their services to Hope Lennon in the divorce action constituted common-law "necessaries" for which her spouse could be held liable. The plaintiffs also named as defendants the couple's son, Brian Lennon, and his wife, Christine, both in their individual capacities, despite the fact that the complaint appeared to assert that Hope Lennon's estate, for which Brian and Christine Lennon were the executors, was liable for the plaintiffs' fees.

The trial court properly granted summary judgment in favor of Edward J. Lennon, Jr. inasmuch as the plaintiffs failed to offer any evidence tending to demonstrate that Hope Lennon, as primary debtor, was unable to satisfy the debt out of her own resources (see, Medical Bus. Assocs. v Steiner, 183 AD2d 86).

Summary judgment was also properly granted to the defendants Brian and Christine Lennon. The plaintiffs never named these defendants in their capacities as co-executors of Hope Lennon's estate, and under no theory can they be held liable for the plaintiffs' fees in their individual capacities. We note that the plaintiffs affirmatively opposed the defendants' re-

quest that the complaint caption be amended to name Brian and Christine Lennon as defendants in their executory capacities.

Contrary to the plaintiffs' contention, the record supports the Supreme Court's award of costs to the defendants pursuant to Uniform Rules for Trial Court (22 NYCRR) § 130-1.1, for, *inter alia,* the plaintiffs refusal to proceed with the depositions of Brian and Christine Lennon.

The Supreme Court properly denied that branch of the defendants' cross motion which sought to disqualify the plaintiff David C. Gilberg from representing the plaintiffs in this action. The plaintiff partnership is not subject to the rule against corporations and voluntary associations appearing *pro se* in civil actions set forth in CPLR 321 (a) *(cf., Gasoline Expressway v Sun Oil Co.,* 64 AD2d 647, *affd* 47 NY2d 847). We note that this statute would be equally inapplicable were the plaintiffs associated as a professional corporation *(see, Austrian, Lance & Stewart v Hastings Props.,* 87 Misc 2d 25; *see also, Spinnell v Doris L. Sassower, P. C.,* 155 Misc 2d 147; *Infosearch v Horowitz,* 117 Misc 2d 774, 775).

In view of our affirmance of the Supreme Court's order granting summary judgment to the defendants, we need not reach the appeal from the Supreme Court's order of November 13, 1992.

We have examined the plaintiffs' remaining contentions and find them to be either without merit or not properly before this Court on the appeals from the orders and judgment in question. Bracken, J. P., Balletta, Friedmann and Krausman, JJ., concur.