OPINION OF THE COURT
Edward H. Lehner, J.
The novel legal issue raised herein is whether the release of *486 a law firm operated as a limited liability partnership (L. L. P.) releases a partner who is alleged to have acted negligently in the handling of a firm escrow account.
This action arises out of the asserted misappropriation of certain escrow moneys entrusted to and controlled by codefendants Gallet, Dreyer & Berkey, L. L. P. (the Law Firm), and Martin C. Licht (Licht) and David Berkey (Berkey), two of the partners thereof. The Law Firm and Berkey seek (i) preanswer dismissal of the complaint by reason of a release (the Release) executed by plaintiff or, in the alternative, (ii) an order compelling the plaintiff to provide a more definitive statement as to damages and/or plead his claims with greater specificity.
In the summer of 1995 plaintiff entrusted Licht with nearly a million dollars (the Fund) to be deposited into a Law Firm escrow account to be disbursed exclusively for the personal use and benefit of the plaintiff. The deposit was not accompanied by any written agreement and plaintiff states that the reason for the deposit was because he was a new resident of Florida and thus “unable to open a bank account within the state in accordance with Florida banking policies” (affidavit of plaintiff sworn to Jan. 4, 1999). Over a period of months Licht, as directed by the plaintiff, paid a number of plaintiff’s personal expenses with monies from the Fund. Berkey allegedly exercised some supervisory control over the Fund. No problems arose until early 1996 when Licht informed plaintiff that the Fund had been exhausted. A plaintiff-instigated accounting allegedly revealed that a significant portion (nearly two thirds) of the Fund had been wrongfully disbursed without his consent.
As a consequence of negotiations arising out of, and in connection with, Licht’s confession of Fund misappropriation for his own personal use, plaintiff withdrew his demands against the Law Firm and (while represented by counsel) executed a release in its favor. The Release provides, in pertinent part, that plaintiff, as releasor, “in consideration of ten dollars and other good and valuable consideration received from” the Law Firm, as releasee, releases and discharges, “the releasee, releasee’s heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money * * * whatsoever, in law * * * or equity, which against the releasee, the releasor * * * ever had, now have or hereinafter can, shall or may, have”. Despite the Release, plaintiff commenced this action, seeking damages predicated upon claims of fraud, breach of trust, conversion, legal malpractice and negligence.
*487 On this motion, movants contend that the Release acts to bar plaintiffs claims as asserted against them. In opposition, plaintiff argues that the Release is either (i) ineffective due to an unsatisfied alleged oral underlying condition precedent (timely repayment of the mishandled portion of the Fund by Licht); or (ii) is effective, if at all, only with respect to the therein designated Law Firm, and not to Berkey, who is not named therein.
DISCUSSION
A release is merely a species of contract and, as such, its construction is governed by the same principles of law applicable to other contracts (Aetna Cas. & Sur. Co. v Jackowe, 96 AD2d 37, 41 [2d Dept 1983]). Where the language of a contract is plain and unambiguous, resort to extrinsic facts is inappropriate in interpretation (American Express Bank v Uniroyal, Inc., 164 AD2d 275 [1st Dept], lv denied 77 NY2d 807 [1991]; Hudson-Port Ewen Assocs. v Chien Kuo, 165 AD2d 301 [3d Dept 1991], affd 78 NY2d 944 [1991]). With respect to a deliberately prepared and executed written agreement, a heavy presumption exists that it manifests the true intention of the parties, and evidence of a very high order is required to overcome this presumption (Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 219 [1978]). Since a release is considered “ ‘ “a jural act of high significance * * * the traditional bases for setting aside written agreements, namely, duress, illegality, fraud or mutual mistake, must be established or else [it] stands” ’ ” (Mergler v Crystal Props. Assocs., 179 AD2d 177, 180 [1st Dept 1992]). The burden is on the party seeking to avoid enforcement to show grounds of impropriety, and this rule applies even to releases given, as here, to attorneys by a client after the attorney-client relationship has terminated (supra, at 181; see also, Touloumis v Chalem, 156 AD2d 230 [1st Dept 1989]; L & K Holding Corp. v Tropical Aquarium, 192 AD2d 643 [2d Dept 1993]; Booth v 3669 Delaware, 92 NY2d 934 [1998]).
In this instance, the language of the Release is plain and unambiguous with respect to it being unconditional, and plaintiff has failed to come forth with evidence sufficient to overcome the presumption that the Release manifests the true intention of the parties. The alleged oral statement of Licht that the release would not be enforceable if he failed to make repayment is barred by the parol evidence rule (see, in general, Leumi Fin. Corp. v Richter, 17 NY2d 166 [1966]; Backer v Lewit, 180 AD2d 134 [1st Dept 1992]).
*488 The fifth cause of action based on an asserted violation of Judiciary Law § 487 is dismissed as against both movants as the alleged improprieties did not occur during a pepding or prior judicial proceeding (Bankers Trust Co. v Cerrato, Sweeney, Cohn, Stahl & Vaccaro, 187 AD2d 384 [1st Dept 1992]).
In light of the foregoing, the motion of the Law Firm for dismissal of the action as against it pursuant to CPLR 3211 (a) (5) is granted.
The sole remaining issue is whether the Release in favor of the Law Firm accrues to the benefit of Berkey, so as to release him of the claims asserted against him for breach of fiduciary duty and negligently releasing proceeds of the Fund without plaintiffs authorization.
Whether a release discharges a particular party depends, in the first instance, upon the intention of the parties to the instrument and the purpose for which it was given (Enock v National Westminster Bankcorp, 226 AD2d 235 [1st Dept 1996]; Structural Processing Corp. v Farboil Co., 234 AD2d 284 [2d Dept 1996]). While generally it may be said that a release only benefits a party named therein (e.g., Riviello v Waldron, 47 NY2d 297, 307 [1979]), a release need not “invariably specify every party to be discharged” (Wells v Shearson Lehman/Am. Express, 72 NY2d 11, 24 [1988]).
Section 26 of the Partnership Law provides the general rule that all partners of a general partnership are jointly and severally liable for everything chargeable to the partnership under sections 24 and 25, which provide as follows:
“Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership * * * the partnership is liable therefor to the same extent as the partner so acting or omitting to act.” (Partnership Law § 24.)
“The partnership is bound to make good the loss:
“1. Where one partner acting within the scope of his apparent authority receives money or property of a third person and misapplies it; and
“2. Where the partnership in the course of its business receives money or property of a third person and the money or property so received is misapplied by any partner while it is in the custody of the partnership.” (Partnership Law § 25.)
Section 26 provides that the partners are only jointly liable for all other debts and obligations of the partnership. Thus, if *489 the Law Firm were a general partnership, it and all of its partners would be jointly and severally liable for the wrongful misappropriation alleged in the complaint. (See, Pedersen v Manitowoc Co., 25 NY2d 412, 419 [1969].) However, as amended in 1994 in connection with the adoption of Partnership Law article 8-B authorizing limited liability partnerships, the section now provides that, subject to two exclusions, no partner in an L. L. P. is “liable or accountable, directly or indirectly (including by way of indemnification, contribution or otherwise), for any debts, obligations or liabilities of, or chargeable to, the [L. L. P. or other partners], whether arising in tort, contract or otherwise, which are incurred, created or assumed by such partnership while such partnership is a[n] [L. L. P.], solely by reason of being such a partner”. (Partnership Law § 26 [b].) One of the applicable exclusions from such limitation on personal liability is “for any negligent or wrongful act or misconduct committed by” the partner “or by any person under his or her direct supervision and control while rendering professional services on behalf of’ the L. L. P. (Partnership Law § 26 [c].)
The provision for personal liability for wrongful acts of a partner in an L. L. P. is similar to that provided in Business Corporation Law § 1505 for shareholders of a professional corporation. It has been noted that such liability “is simply a reflection of the common-law rule that a shareholder is liable for those torts of the corporation in which he is a participant * * * or which are committed by those acting under his direct supervision and control” (We’re Assocs. Co. v Cohen, Stracher & Bloom, 103 AD2d 130, 134 [2d Dept 1984], affd 65 NY2d 148 [1985]). See also Connell v Hayden (83 AD2d 30, 59 [2d Dept 1981]), where it was said that this “section does permit professionals, by incorporating, to avoid the vicarious liability to which they would be exposed if they practiced as partners”; Allstate Ins. Co. v Horowitz (118 Misc 2d 787 [Civ Ct, Queens County 1983]), which held that a release given by a shareholder of a professional corporation does not bind the corporation.
While General Obligations Law § 15-107 provides that a “release of a partner from a partnership liability shall release his co-partners from the same liability to the creditor giving the release”, no reported New York case has been found dealing with the effect on the tort liability of a partner of a release naming only the partnership.
In Kinetics, Inc. v El Paso Prods. Co. (99 NM 22, 27, 653 P2d 522, 527 [1982]), the New Mexico Court of Appeals, after not *490 ing the ruling of our Court of Appeals in Pedersen v Manitowoc Co. (supra) that a tort committed by a partnership is imputable to all of the partners jointly and severally, held that, since the liability of a partner for a tort committed by the partnership in the course of its business is vicarious, the liability of a nonacting partner is thus “imputed from the partnership”, and consequently upon the release of the partnership, “the means by which liability was imputed to the partners was destroyed”. Thus, it was ruled that the release of the partnership also released a partner who was not charged with responsibility for the asserted negligent act.
In Saliba v Exxon Corp. (865 F Supp 306, 311 [WD Va 1994]), the court, agreeing with the conclusion reached in Kinetics, Inc. v El Paso Prods. Co. (supra), ruled that just as a partner “would have been vicariously liable for torts undertaken within the scope of partnership affairs, so too does the release of the partnership from such torts absolve the partners from derivative liability”. I find these decisions persuasive and believe they are proper interpretations of partnership law.
However, in the case at bar the liability of Berkey is not vicarious. Rather, it is the Law Firm that is vicariously liable by reasons of Berkey’s alleged negligence and breach of fiduciary duty. The liability of the Law Firm stems therefrom and from the asserted intentional wrongful acts of Licht. Consequently, I find that the execution of the Release only accrued to the benefit of the Law Firm. Any release from liability of a partner who may be jointly and severally liable by reason of having acted negligently or committed any other wrongful act would require the naming of such partner in the release, and this is true whether the entity is a general partnership or an L. L. P. Thus, the safe course of a partnership that wishes to be certain that all of its partners are released of liability when procuring a release is to have all the partners specifically named therein.
Accordingly, the motion of Berkey to dismiss is denied, as is his application for a more definitive statement. Further details of the claim may be procured through a demand for a bill of particulars.