■ STATE OF NEW YORK, Respondent, v ANDREW SWEZEY, Appellant. [996 NYS2d 684]—

In an action to recover payment for medical services rendered, the defendant appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated April 29, 2013, which granted the plaintiff's motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is denied.

In this action to recover payment for medical services allegedly provided to the defendant during his hospitalization at University Hospital, State University of New York at Stony Brook (hereinafter the hospital), the plaintiff served a brief complaint generally alleging that certain unspecified services were provided, that those services were reasonable, necessary, and proper under the circumstances, that the total cost of those services was $85,354.48, that the plaintiff billed the defendant

for the services, and that the defendant failed and refused to make payment. In his verified answer, the defendant specifically denied the allegations that the services were reasonable, necessary, and proper, that their total cost was $85,354.48, and that he had been billed for the services and had refused to pay for them.

The plaintiff then moved for summary judgment on the complaint, submitting an affirmation of its attorney, a redacted hospital billing statement which omitted any mention of the actual medical services rendered and treatment provided to the defendant, and an affirmation of the hospital's Patient Accounts Manager asserting that the redacted statement constituted a "true and complete cop[y]" of the original, and that "[a]ll normal procedures to bill this account were properly undertaken." The defendant opposed the motion with his own affidavit in which he reiterated his denial of the material allegations in the complaint and argued that the plaintiff's submissions on the motion failed to demonstrate its prima facie entitlement to summary judgment. The Supreme Court granted the motion.

The plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, since the affirmation of its counsel, who lacked personal knowledge of the facts, and the redacted hospital billing statement, which failed to specify the medical services provided, were of no evidentiary value in establishing the nature of the services, whether they were reasonable and necessary, and whether the charges for them were appropriate (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Viacom Intl. v Midtown Realty Co.*, 193 AD2d 45, 54-55 [1993]). The generalized and conclusory assertions set forth in the complaint and in the affirmation of the plaintiff's patient accounts manager did not cure these defects. Likewise, those assertions were insufficient to establish entitlement to summary judgment on a claim of account stated because they failed to make the requisite showing that the defendant received and retained the plaintiff's invoices without raising an objection to them (*see generally Pryor & Mandelup, LLP v Sabbeth*, 82 AD3d 731, 732 [2011]; *Ziskin Law Firm, LLP v Bi-County Elec. Corp.*, 43 AD3d 1158, 1159 [2007]; *Werner v Nelkin*, 206 AD2d 422, 422-423 [1994]).

Since the plaintiff failed to sustain its prima facie burden on the motion, the Supreme Court should have denied its motion for summary judgment without regard to whether the defendant's opposition papers were sufficient to raise a triable issue of fact (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Roman-Cabrera v THJ Transp. Corp.*, 107 AD3d 682 [2013]).

In view of the foregoing, we need not reach the defendant's remaining contention. Mastro, J.P., Skelos, Roman and Maltese, JJ., concur.