In an action, inter alia, to recover damages for breach of contract, the defendant Samuel Yakobowicz appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered July 5, 2013, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and granted that branch of the plaintiff’s cross motion which was for summary judgment on the complaint insofar as asserted against him in the principal sum of $45,200.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Samuel Yakobowicz for summary judgment dismissing the complaint insofar as asserted against him is granted, and that branch of the plaintiff’s cross motion which was for summary judgment on the complaint insofar as asserted against the defendant Samuel Yakobowiz in the principal sum of $45,200 is denied.
In this action, the plaintiff, a private elementary and secondary school, seeks to recover against the defendants for a tuition bill relating to the attendance of the defendants’ son at the school for the 2006-2007 school term, and for certain periods prior to that term. In its complaint, the plaintiff asserted, inter alia, a cause of action alleging breach of contract and a cause of action alleging that it was entitled to recover the tuition based on an account stated.
The defendant Samuel Yakobowicz (hereinafter the appellant) established, prima facie, that he did not enter into a contract with the plaintiff for the enrollment of his son at school or for the payment of that child’s tuition. In opposition, the plaintiff did not raise a triable issue of fact as to the existence of a contract between it and the appellant. Therefore, the appellant was entitled to summary judgment dismissing, insofar as asserted against him, the cause of action to recover damages for breach of a contract for the payment of the subject tuition bill (see Moezinia v Ashkenazi, 105 AD3d 920, 921 [2013]; see also Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc., 84 AD3d 122, 127 [2011]).
The appellant also demonstrated his prima facie entitlement to judgment as a matter of law dismissing the cause of action based on an account stated, based on evidence showing that the plaintiff never sent him an invoice or account statement. In opposition, the plaintiff did not raise a triable issue of fact. Thus, the appellant was entitled to summary judgment dismissing the cause of action to recover damages based on an account stated insofar as asserted against him (see Branch Servs., Inc. v Cooper, 102 AD3d 645, 646-647 [2013]; see also *852 State of New York v Swezey, 122 AD3d 829, 830 [2014]; New Plan of Hillside Vil., LLC v Surrette, 108 AD3d 512 [2013]).
The record reflected that, as a matter of law, the subject services rendered by the plaintiff did not constitute “necessaries” under the common law (see Gilberg v Lennon, 212 AD2d 662, 663 [1995]; Medical Bus. Assoc. v Steiner, 183 AD2d 86, 90 [1992]). Thus, the appellant was entitled to summary dismissal of the complaint insofar as asserted against him based on a common-law “necessaries” theory (see Gilberg v Lennon, 212 AD2d at 663; Medical Bus. Assoc. v Steiner, 183 AD2d at 90).
The appellant also established, prima facie, that the plaintiff may not recover the subject charges based on an unjust enrichment theory, as the payment of those charges was governed by an express contract (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]; Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]; Weiss v Benetton U.S.A. Corp., 124 AD3d 633, 636 [2015]). In opposition, the plaintiff failed to raise a triable issue of fact.
Contrary to the plaintiff’s contention, the appellant is not collaterally estopped from contesting liability by virtue of several orders issued in a related matrimonial action between 2000 through 2002 (see Yakobowicz v Yakobowicz, Sup Ct, Nassau County, Jonas, J., index No. 202122/00). Those orders did not necessarily decide the identical issue raised here, which involves the appellant’s alleged obligation to pay tuition charges for certain periods subsequent to 2002 (see Cudar v Cudar, 98 AD3d 27, 31-32 [2012]; Frischknecht v Novaes, 85 AD3d 722 [2011]).
Moreover, the Supreme Court erred in finding that the amounts incurred in connection with tuition constituted “marital debt,” a matter that may properly be determined only in a matrimonial action (see Domestic Relations Law § 236 [B] [1] [c]).
Accordingly, the appellant was entitled to summary judgment dismissing the complaint insofar as asserted against him, and the plaintiff was not entitled to summary judgment on the complaint against the appellant. Skelos, J.R, Balkin, Chambers and Miller, JJ., concur.